88 So.2d 493 (1956)
STATE of Florida ex rel. PALMER-FLORIDA CORPORATION, a Delaware corporation duly authorized to do business within the state of Florida, Relator,
v.
Honorable Ray E. GREEN, as Comptroller of the State of Florida, Respondent.
Supreme Court of Florida, Special Division A.
June 20, 1956.
C.L. McKaig, Worth Dexter, Jr., and Dexter & Conlee, Sarasota, for relator.
Richard W. Ervin, Atty. Gen., and Fred M. Burns, Asst. Atty. Gen., for respondent.
TERRELL, Justice.
July 3, 1953, relator, a foreign corporation authorized to transact business in this state, by appropriate resolution directed its officers to execute and deliver a deed to certain unimproved real estate owned by it in Sarasota County to the stockholders of *494 relator, each stockholder to be granted the undivided interest in the real estate represented by the ratio of the number of shares of common stock which he owned June 30, 1953, to the total number of shares of common stock of relator-corporation outstanding.
The resolution also provided that the carrying value on the books of the corporation of said real estate, namely the sum of $22,628.60, be charged to the paid-in surplus account of the corporation and that the paid-in surplus of the corporation be accordingly reduced. The deed was duly executed and recorded and $207.00 in documentary stamps were affixed to it and cancelled. This amount was based on the market value of the land. Subsequently, but within one year as provided by Sec. 215.26, Florida Statutes 1953, F.S.A., relator filed application for refund of the amount paid for said documentary stamp taxes on the theory that they were erroneously paid. The request for refund was denied August 18, 1954. January 19, 1956, petition for alternative writ of mandamus was filed in this court and on February 6, 1956, the alternative writ was issued directed to the respondent commanding him to refund the amount paid for said taxes or show cause why he refused to do so. A return, motion to quash and a motion for peremptory writ notwithstanding the return raise the primary question of whether or not the transaction described in the pleadings is subject to the documentary tax imposed under Sec. 201.02, Florida Statutes, F.S.A., as follows:
"On deeds, instruments, or writings, whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser, or any other person by his direction, on each one hundred dollars of the consideration therefor the tax shall be ten cents; provided, that when the full amount of the consideration for the execution, assignment, transfer, or conveyance, is not shown in the face of such deed, instrument, document, or writing, then in such event the tax shall be at the rate of ten cents for each one hundred dollars, or fractional part thereof, of the consideration therefor."
Relator says that the grantees were all the stockholders in Palmer-Florida Corporation; that they took interests in the land conveyed in proportion to their stockholdings; that they paid no "consideration" as contemplated by the quoted statute for the conveyance in that they paid no money for it, they delivered no real, personal or intangible property in exchange for it and they transferred to the corporation nothing of value in exchange for the land conveyed to them. They contend further that what transpired was in reality a partial liquidation of the corporation with resultant transfer of the legal title to the real estate from the corporate name to the stockholders' names. Viewed in this light, says relator, the stockholder-grantees were the equitable owners of the land in question so that the deed conveying such realty was not necessary to transfer the general title but was for the purpose of transferring the legal title on the public record. Socony-Vacuum Oil Company v. Sheehan, D.C.E.D.Mo. 1943, 50 F. Supp. 1010, 1012; Culbreath v. Reid, Fla., 65 So.2d 556; and De Vore v. Gay, Fla., 39 So.2d 796, are relied on to support this premise. See also as persuasive support for this contention, Biennial Report of Attorney General of Florida, 1953-54, p. 273; Socony-Vacuum Oil Company v. Sheehan, supra; Tide Water Associated Oil Company v. Jones, D.C.W.D.Okl. 1944, 57 F. Supp. 482; R.H. Macy & Co. v. United States, D.C.S.D.N.Y. 1952, 107 F. Supp. 883; Greyhound Corporation v. United States, 7 Cir., 1954, 208 F.2d 858.
Respondent meets the contention of relator with the argument that mandamus is not the proper remedy to procure refund of taxes paid under Sec. 215.26, Florida Statutes, F.S.A., after an application for such refund has been made to the comptroller and by him denied.
Circumstances might arise in which this argument would contain merit but not so in this case. The right to return of the documentary tax was a pure question of law, no factual situation was involved. *495 Where that is the case mandamus is permitted. State ex rel. Victor Chemical Works v. Gay, Fla., 74 So.2d 560, 562; State ex rel. Tampa Electric Co. v. Gay, Fla., 40 So.2d 225. See also State ex rel. Seaboard Air Line R. Co. v. Gay, 160 Fla. 445, 35 So.2d 403. There are numerous other Florida cases to the same effect. There is another aspect of this case which we feel impelled to mention. In this country where the citizen has paid good money illegally and has an election of remedies for recovery, he should be permitted to employ the most complete and expeditious remedy possible to recover; whether this be mandamus, certiorari or other complete remedy is not material.
Respondent next contends that this proceeding is barred by the limitations contained in Sec. 215.26, Florida Statutes, F.S.A. In this connection, it is further contended that no review of the comptroller's letter of August 18, 1954, denying the refund having been sought, the present proceeding cannot now be maintained. It is admitted that the application for refund was made within one year after payment of the taxes in question. Respondent contends that both the application for refund and the mandamus suit should have been brought within one year.
It is settled law in this state that mandamus is generally controlled by the equitable doctrine of laches rather than the statute of limitations. Tampa Waterworks Company v. State ex rel. City of Tampa, 77 Fla. 705, 82 So. 230; Little River Bank & Trust Co. v. Johnson, 102 Fla. 828, 136 So. 452; State ex rel. Shein v. Attwood, Fla., 64 So.2d 917; Jumper Creek Drainage District v. State ex rel. Davis, 155 Fla. 669, 21 So.2d 459. It is not suggested that the lapse of time has affected the status of either party. The first aspect of this question was considered in Walgreen Drug Stores Company v. Lee, 158 Fla. 260, 28 So.2d 535, but the cited cases settle the question.
Other questions argued have been considered but we think they are comprehended and answered in what we have said. It is accordingly our view that mandamus was the proper remedy, that respondent has made no showing of injury to his position or that of the public by the lapse of time, so there is no support for the claim of laches, that the deed in question did not require documentary stamps because the grantees were not "purchasers," and did not pay a "reasonably determinable," "consideration" for the conveyance as contemplated by Sec. 201.02, Florida Statutes, F.S.A. We find no legal support for the theory that the documentary stamp tax should be measured by the market value of the land transferred. It was a mere book transaction and was in no sense a sale to a "purchaser" as contemplated by Sec. 201.02, Florida Statutes, F.S.A.
Peremptory writ is therefore granted and respondent is directed to draw his warrant for return of the amount paid for the documentary tax.
It is so ordered.
DREW, C.J., THORNAL, J., and CARROLL, Associate Justice, concur.