WIGGINTON, Acting Chief Judge.
This appeal seeks review of a final judgment rendered in a suit for declaratory relief brought pursuant to Chapter 87, Florida Statutes, F.S.A. The judgment is summary in nature and is based upon the pleadings, admissions, and other evidence in the file. There is no contention by the parties that there exists a genuine issue of any material fact sufficient to preclude a summary disposition of the issue presented for decision.
Appellant conveyed to a purchaser some 23,000 acres of land in Okaloosa County, affixing to the deed state documentary tax stamps in an mount equivalent to thirty cents on each one hundred dollars of the cash consideration paid at the time of closing. The deed contains a recital that the conveyance is subject to outstanding mortgages held by John Hancock Mutual Life Insurance Company in the approximate balance of $1,502,372.16, which indebtedness the purchaser expressly assumes and agrees to pay according to the terms of the mortgages. It is appellant’s contention that by affixing documentary tax stamps based only upon the cash consideration received for the conveyance, he fully complied with the requirements of law. Appel-lees dispute this position and contend that the statute requires there be affixed to the deed documentary stamps based upon the full consideration paid for the land, which includes not only the cash payment made at the time the transaction was closed but also the unpaid balance due on the outstanding mortgages. By the judgment appealed herein the trial court agreed with appellees and held that the “consideration” on which the amount of the documentary stamps to be affixed to the deed shall be computed includes both the cash payment made at the time the deed was delivered and the outstanding mortgage debt encum *237 bering the land which the purchaser has assumed and covenanted to pay.
Our present statute levying a documentary stamp tax based on the consideration paid for conveyances of real estate had its genesis in Chapter 15787, Laws of Florida, Acts of 1931. This statute is similar to the federal documentary stamp tax statute which is codified in 26 U.S.C.A. § 4361.[1]
The federal act is as follows-:
“There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed (exclusive of the value of any lien or encumbrance remaining thereon at the time of sale) exceeds $100, a tax at the rate of 55 cents for each $500 or fractional part thereof. The tax imposed by this section shall not apply on or after January 1, 1968. Aug. 16, 1954, c. 736, 68A Stat. 520; Sept. 2, 1958, Pub.L. 85-859, Title 1, § 141(a), 72 Stat. 1299; June 21, 1965, Pub.L. 89-44, Title IV, § 401(b), 79 Stat. 148.” [emphasis supplied]
The present Florida statute applicable to the case sub judice is as follows:
“On deeds, instruments, or writings, whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser, or any other person by his direction, on each one hundred dollars of the consideration therefor the tax shall be thirty cents; provided, that when the full amount of the consideration for the execution, assignment, transfer, or conveyance, is not shown in the face of such deed, instrument, document, or writing, then in such event the tax shall be at the rate of thirty cents for each one hundred dollars, or fractional part thereof, of the consideration therefor. * * * ” [2] [emphasis supplied]
From the foregoing federal statute it is readily apparent that the consideration paid for a conveyance of land on which the tax is computed includes the value of the interest or property conveyed exclusive of the value of any lien or encumbrance remaining thereon at the time of sale. Conversely, under the provisions of the Florida statute the consideration paid for the land on which the tax is computed is the value of the interest or property conveyed, without any deduction on account of outstanding Hens or encumbrances remaining thereon at the time of sale. It is our view that when the Florida legislature omitted from the act adopted by it the exclusionary feature embodied in the federal act relating to the value of outstanding liens and encumbrances, it was intended that the tax be computed on the full consideration paid or agreed to be paid for the land conveyed without deduction for the value of outstanding liens or mortgages.
In the case sub judice the full consideration paid and agreed to be paid by the purchaser included not only the amount paid at the time the transaction was closed but also the amount which he will be required to pay in liquidation of all indebtedness owed the mortgagee. There can be little doubt but that the amount of outstanding mortgage indebtedness was fully considered and taken into account by the purchaser in determining the value of the land and the amount he was willing to pay for it. The obligation of the purchaser to pay the mortgage indebtedness was a valuable consideration passing to appellant of a value equivalent to the obligation itself and, therefore, comprises part of the total consideration for the conveyance against which the amount of tax should properly be computed.
*238 We are of the opinion that the trial court correctly interpreted the statute in question and the judgement should not be disturbed. In so holding, it should be emphasized that the documentary stamp tax with which we are here concerned is that levied by virtue of F.S. Section 201.02, F. S.A., based upon the full consideration paid for the conveyance of lands, and has no relationship to the surtax levied pursuant to F.S. Section 201.021, F.S.A. Under this latter statute the consideration upon which the tax levied thereby is computed specifically excludes the amounts of existing mortgages against the lands sold.[3]
The judgment appealed is accordingly affirmed.
Affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Gay v. Inter-County Tel. & Tel. Co., (Fla.1952) 60 So.2d 22.

. F.S. § 201.02, F.S.A.

. F.S. § 201.021(1), F.S.A. “A documentary surtax, in addition to the tax levied in section 201.02, Florida Statutes, is levied on those documents taxed by section 201.02, Florida Statutes, at the rate of fifty-five cents (55¡í) per five hundred dollars ($500.00) of the consideration paid; provided that when real estate is sold, the consideration, for purposes of this tax, shall not include amounts of existing mortgages on the real estate sold. If the full amount of the consideration is not shown on the face of the document, then the tax shall be at the rate of fifty-five cents (55d) on each five hundred dollars ($500.00) or fractional part thereof of the consideration.”