245 So.2d 221 (1971)
KENDALL HOUSE APARTMENTS, INC., a Florida Corporation, Relator,
v.
The DEPARTMENT OF REVENUE, an Agency of the State of Florida, et al., Respondents.
No. 39647.
Supreme Court of Florida.
February 24, 1971.
Rehearing Denied March 29, 1971.
*222 Ralph H. Bearden, Jr., Miami, for relator.
Robert L. Shevin, Atty. Gen., and John N. Hogenmuller, Asst. Atty. Gen., for respondents.
BOYD, Justice.
This cause is before us on petition for writ of mandamus to obtain a refund of documentary tax paid on two parcels of land. We issued the alternative writ on April 30, 1970, and have heard argument of the parties.
On May 29, 1968, relator Kendall House Apartments, sold certain real property located in Dade County, Florida, and agreed with the grantee that it would pay any and all recording fees and stamp taxes involved in the transaction. The property sold was subject to a mortgage payable to the Life Insurance Company of Virginia, but the mortgage was not assumed by the grantee. The purchase price of the property was $650,000.00. The property was sold subject to an outstanding mortgage of $493,705.68.
Taxes were paid on both deeds based upon the $650,000.00 cash consideration. The State claimed that a balance of $1,481.40 in regular documentary stamp taxes remained owing on the deeds under Florida Statutes § 201.02, F.S.A. The basis of the State's claim for the additional tax was the outstanding mortgage on the property. The State contends that the mortgage value constituted consideration passing to the grantor since the grantee took title subject to the mortgage.
Relator contends that the sole consideration was the payment of the $650,000.00 on which the documentary stamp taxes were paid. In response to the additional assessment by the State, the relator paid the tax under protest and made requisition for refund, which requisition was formally denied by the Department of Revenue.
Florida Statutes § 201.02, F.S.A. provides:
"On deeds, instruments, or writings, whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser, or any other person by his direction, on each one hundred dollars of the consideration therefor the tax shall be thirty cents; provided, that when the full amount of the consideration for the execution, assignment, transfer, or conveyance, is not shown in the face of such deed, instrument, document, or writing, then in such event the tax shall be at the rate of thirty cents for each one hundred dollars, or fractional part thereof, of the consideration therefor."
The question before us is whether "consideration" for the purpose of measuring the amount of documentary tax due under Florida Statutes § 201.02 F.S.A., includes the value of an outstanding mortgage on the property, which mortgage is not expressly assumed by the buyer, although the property is sold subject to the mortgage. We agree with the contention of respondents herein that the clear purpose of Florida *223 Statutes § 201.02, F.S.A. is to place a documentary stamp tax on the total consideration involved in a transfer of real property and that this amount includes any outstanding mortgages.
This Court is well aware of the distinction, urged by relator, between a grantee who assumes and agrees to pay an outstanding mortgage and a grantee who takes subject to an outstanding mortgage. The former may be held personally liable; the latter is threatened only with the loss of his equity in the property in the event of foreclosure. In the absence of clear language to the contrary on a deed conveying real property, a grantee who "assumes" a mortgage encumbering real property becomes personally liable to pay same as though he is "assuming and agreeing to pay" it. The use of the words "subject to" the mortgage in the absence of contrary language on the deed, eliminates the personal liability of the grantee to pay the indebtedness which the mortgage secures. It is an economic fact that persons who acquire property "subject to" a mortgage normally pay the indebtedness represented by the mortgage in order to prevent the loss of the property to the same extent as those persons acquiring property "assuming and agreeing to pay" the mortgage.
In the instant case, the concept of "consideration" as used in Florida Statutes § 201.02, F.S.A. is clearly satisfied. The Sale and Purchase Agreement of the parties dated April 26, 1968, contemplates a transfer of the burden of making the mortgage payments to the grantee as of the date of closing and a corresponding benefit derived by the grantor who agreed to make mortgage payments only up until the time of closing, including June 1, 1968. The Stipulation of the parties filed in this Court states that the grantee of the property had, in fact, made all mortgage payments since the closing date. This arrangement constitutes a part of the consideration for the transfer of the property. Any other view of the situation is unrealistic.
Accordingly, the alternative writ of mandamus heretofore issued is discharged.
It is so ordered.
ERVIN, Acting C.J., ADKINS and DREW (Retired) JJ., and SPECTOR, District Court Judge, concur.