321 So.2d 101 (1975)
FLORIDA DEPARTMENT OF REVENUE, an Agency of the State of Florida, Appellant,
v.
Joseph A. DeMARIA, Appellee.
No. Y-104.
District Court of Appeal of Florida, First District.
November 5, 1975.
Robert L. Shevin, Atty. Gen., James D. Whisenand and Joseph C. Millichamp, III, Asst. Attys. Gen., for appellant.
Shalle Stephen Fine, Miami, for appellee.
PER CURIAM.
The Order of the learned trial judge is adopted as the opinion of this Court, viz:
"Decision of this case turns upon the answer to this question:
`Does a deed by which a corporation transfers real estate to its sole stockholder, subject to an outstanding mortgage which the stockholder does not "assume," but which he pays, require a Florida documentary stamp tax?'
"The answer is `No.'
"This question was squarely presented to the Supreme Court in the case of State ex rel. Palmer-Florida Corporation v. Green, Fla., 88 So.2d 493, and that Court held that such a deed does not require documentary stamps.
"The Department of Revenue seeks to distinguish that case by pointing out that the deed there considered was not made subject to a mortgage which the grantee paid. It points out that the Court then observed that with respect to a deed from a corporation to its stockholders of unencumbered land, the stockholders did not pay a `reasonable determinable consideration' for the conveyance as contemplated by Sec. 201.02, Florida Statutes. It also cites Kendall House Apartments, Inc. v. Department of Revenue, [Fla.], 245 So.2d 221, Resberry [Rasberry] v. Dickinson [Fla.App.], 243 So.2d 236, and River Park Joint Venture 315076 v. Dickinson, Leon County # 72-1699.

"These cases distinguish Palmer-Florida Corporation v. Green, supra, to the extent that the decision in that case turned upon a lack of consideration.
"However, Palmer-Florida Corporation v. Green also holds that under the circumstances of that case (identical with the cases at bar except for the mortgage) `the deed in question did not require *102 documentary stamps because the grantees were not purchasers * * *.' The Court also said `We find no legal support for the theory that the documentary stamp tax should be measured by the market value of the land transferred. It was a mere book transaction and was in no sense a sale to a "purchaser" as contemplated by Section 201.02, Florida Statutes, F.S.A.'
"These quotations lead to the conclusion that it was the nature of the transaction, rather than the difficulty in measuring the tax that rendered the deed exempt from documentary stamps."
Affirmed.
RAWLS, Acting C.J., and MILLS, J., concur.
SMITH, J., dissents.
SMITH, Judge (dissenting):
The court today holds that § 201.02, F.S. 1973, imposes no tax on the deed of a closely held corporation conveying land to its stockholder subject to an outstanding mortgage debt but otherwise without consideration.
The statute imposes a tax only when there is consideration for the "execution, assignment, transfer or conveyance" and in an amount determined by the amount of consideration. While I therefore agree that the State has no taxable interest in transactions such as that dealt with in State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493 (Fla. 1956), there being in that case no payment by the grantee or shifting of an economic burden from the grantor, I would not extend that immunity to this case. Here DeMaria and his wholly owned corporation, grantee and grantor of a conveyance of land subject to a $60,000 mortgage in favor of a third party, plainly have agreed between themselves  we will imagine the fiction of separate identity which DeMaria sought by incorporating  to shift the burden of paying out the mortgage note from the corporation to DeMaria. DeMaria has made all mortgage payments since the conveyance in January 1973, the corporation has made none and there is no evidence that any other arrangement was intended. Whatever remedies the mortgagee may have against the corporation in the event DeMaria defaults in payment, it seems clear to me that, as between DeMaria and the corporation, there was consideration for the conveyance in the shifting to him of the burden of the mortgage debt. I would hold the deed taxable under the statute to the extent of the outstanding balance of the mortgage at the time of the transaction. Kendall House Apartments, Inc. v. Department of Revenue, 245 So.2d 221 (Fla. 1971).