324 So.2d 184 (1975)
The DEPARTMENT OF REVENUE of the State of Florida, Appellant,
v.
BROOKWOOD ASSOCIATES, LIMITED, etc., Appellee.
No. Y-357.
District Court of Appeal of Florida, First District.
November 26, 1975.
Rehearing Denied January 16, 1976.
Robert L. Shevin, Atty. Gen., and David M. Hudson, Asst. Atty. Gen., for appellant.
Joseph W. Gaynor, of Jacobs, Robbins & Gaynor, St. Petersburg, for appellee.
SACK, MARTIN, Associate Judge.
In this declaratory judgment action, appellee, plaintiff below, seeks to enjoin appellant from assessing and collecting additional documentary surtax payments on the sale of certain real property located in Alachua County. The primary issue in the case is whether the amount of an outstanding first mortgage constitutes part of the consideration for the conveyance of property upon which the amount of the documentary *185 stamp surtax imposed by F.S. § 201.021 is computed when the purchase price includes a certain amount of cash and a purchase money wrap-around mortgage which wraps around an existing first mortgage and is subject to said first mortgage.
In its well-reasoned order of final summary judgment entered in favor of appellee, the trial court found the pertinent facts to be as follows:
"(a) The plaintiff at all times material to this cause was a limited partnership under Florida law and on December 29, 1972 was the purchaser of certain real estate in Alachua County from a general partnership named Brookwood Terrace Apartments. This property, known as Brookwood Terrace Apartments, was sold for a total purchase price of $2,460,000. To the warranty deed of conveyance the plaintiff attached documentary tax stamps, pursuant to F.S. 201.02 in the amount of $7,380. This reflects a tax of 30 [cents] per $100 of a consideration of $2,460,000. There were also attached documentary surtax stamps, pursuant to F.S. 201.021 in the amount of $506 which reflects a surtax of 55 [cents] per $500 on the sum of $460,000, which sum is based upon a total consideration of $2,460,000 less the amount of $2,000,000 which is the amount of the debt secured by a certain first mortgage held by Stockton, Whatley, Davin & Company on the property, which had been previously given by the seller. Such mortgage encumbered the property before, on, and after the date of sale and conveyance of the property to plaintiff.
"(b) A mortgage was given by plaintiff to the seller at the same time the deed was executed which secured part of the purchase price. This instrument recited the existence of the first mortgage to Stockton, Whatley, Davin & Company, and contained a covenant between the mortgagor and mortgagee that the morgagee would pay to the holder of the first mortgage the sum of $2,000,000 which was the balance remaining unpaid on the first mortgage, together with all interest thereon accruing thereunder, and together with certain payments as are due under the first mortgage under its terms. The covenants also included an agreement by the mortgagee to make all payments on the first mortgage before expiration of applicable grace periods provided.
"(c) The holder of the first mortgage agreed to this transaction. There was no release of the seller of its liability to the holder of the first mortgage, no novation occurred, and the obligation on the first mortgage remained solely in the seller.
"(d) The mortgage given by plaintiff to the seller of the property is commonly referred to as a `wrap-around mortgage', whereby the total indebtedness represented by this mortgage includes the balance owed on the first mortgage. Such an arrangement enables the purchaser (and mortgagor to the seller) to make single installment payments on its total indebtedness with the seller transmitting to the holder of the first mortgage the amounts due under the first mortgage.
"(e) On or about November 21, 1973, defendant informed plaintiff that an assessment in the amount of $2,200 was due and owing on the documentary surtax stamps pursuant to F.S. 201.021 and that in addition a penalty assessment in a like amount was made pursuant to F.S. 201.17(2), for a total sum of $4,400.
"(f) Defendant contends that the surtax should apply also the the $2,000,000 of the first mortgage debt included in the total consideration. Plaintiff asserts that the plain terms and language of F.S. 201.02(1) exclude all `amounts of existing mortgages on the real estate sold' from the consideration paid as the surtax of 55 [cents] per $500.

*186 "(g) The defendant has adopted regulations as part of the Florida Administrative Code which purports, in effect, to discard `wrap-around' mortgages as coming within the proviso of F.S. 201.021 which states: `that when real estate is sold, the consideration for purposes of this tax, shall not include amounts of existing mortgages on the real estate sold'. See Regulations 12A-4.12(3), (4), and 12A-4.13(23)."
Based on the foregoing facts, the trial court made the following conclusions of law:
"3. The defendants announced an intention of making a deficiency assessment with penalty and such is based upon a concept that the `consideration' upon which the basic tax (F.S. 201.02) is based and that of the surtax (F.S. 201.021) is the same in both instances and includes the amounts involved in the first mortgage referred to in a wraparound mortgage. It is well established that the `consideration' in F.S. 201.02(1) includes all sums paid or agreed to be paid by the purchaser of the land, not only the amount paid at the time the transaction was closed, but also any amount which he would be required to pay in liquidation of all indebtedness owed to a mortgagee, without any deduction for value of outstanding liens or mortgages. Rasberry v. Dickenson [Dickinson], DCA 1 1971, 243 So.2d 236. See also Indian River Groves, Inc. v. Dickenson [Dickinson], Fla. [App.] 1970, 238 So.2d 125; Kendall House Apts. v. DOR, Fla. 1971, 245 So.2d 221. No contention is made to the contrary by the plaintiff and the tax imposed by 201.02(1) is admittedly based on a consideration which includes the mortgage debt outstanding. The language of 201.02(1) provides that the `consideration' for the execution of the deed or other instrument of conveyance shall be the basis for computing the tax. No mention is made of liens, mortgages or other interests which may be outstanding. However, the language of F.S. 201.021 is quite different. It specifies a surtax computed on `the consideration paid' but it also has a clear and unambiguous proviso that when the instrument involves a sale of real estate `the consideration, for purposes of this tax, shall not include amounts of existing mortgages on the real estate sold'. It is thus specific in its intent that if the real estate sold is subject to the lien of an existing mortgage or mortgages, the `amounts' of such mortgages shall not be included in the `consideration' on which the tax is to be computed. To undertake to ignore a mortgage, such as that of Stockton, Whatley, Davin and Company which was outstanding to the extent of a $2,000,000 unpaid balance, because its discharge was to be effected via of a `wrap-around' mortgage to the seller of the land would take out the words of the proviso and produce a distortion which would utterly frustrate the glaring legislative intent.
"4. The defendant seeks to rely on DOR v. McCoy Hotel [Motel], Inc., Fla. DCA 1, 1974, 302 So.2d 440 which dealt with documentary stamps on promissory notes and written obligations under F.S. 201.08(1), wherein a wraparound obligation was involved and the amount of the earlier obligation to be paid off by the payee of the later note was not allowed to be deducted in computing the amount of the obligation on which the tax is computed. This case is not in point and deals with statutory provisions not at all similar to those in F.S. 201.021.
"5. In the Rasberry case, supra, wherein the tax under F.S. 201.02 was held to be based upon the full consideration, including any amount the purchaser of real property would be obligated to pay in liquidation of outstanding indebtedness to a mortgagee, the Court specifically distinguished F.S. 201.02 from F.S. 201.021. It was said:
`In so holding, it should be emphasized that the documentary stamp tax with *187 which we are concerned is that levied by virtue of F.S. Section 201.02, F.S.A., based upon a full consideration paid for the conveyance of lands, and has no relationship to the surtax levied pursuant to F.S. Section 201.021, F.S.A. Under this latter statute the consideration upon which the tax is levied thereby is computed specifically excludes the amounts of existing mortgages against the land sold.' Emphasis supplied.
Also, in the Indian River Groves, Inc. case, supra, the court declined to pass on the question of whether a documentary stamp surtax would be payable under the facts shown in the record of that case.
"6. The first mortgage involved here was an `existing mortgage on the real estate sold' and the `amount' of it was the outstanding unpaid balance of $2,000,000. It is obvious that a large part of the total consideration for the purchase, namely $2,460,000, was this unpaid balance which had to be paid in order for the fee owner to be able to keep the property. The statute says this `amount', for the purposes of the surtax, shall not be included in the `consideration paid' on which the tax is computed.
"7. There is no genuine issue of material fact and this declaratory judgment may be rendered as a matter of law. The foregoing declarations are hereby rendered pursuant to F.S. Chapter 86 and are to the effect that the plaintiff is not obligated to pay any more documentary stamp taxes on the deed involved than have already been paid, and that the defendant is not entitled to issue any deficiency assessment or assess any penalty against plaintiff therefor. The mentioned regulations, to the extent that they conflict with the declarations herein made, are deemed to be in conflict with the statute involved and are to that extent invalid... ."
We agree with the above-quoted conclusion. Taxing statutes and statutes conferring authority to impose taxes are to be strictly construed. When such statutes are so drawn that the legislative intent is in doubt or where such statutes are so ambiguous as to render the legislative intent questionable or unclear then it is the duty of the taxing authority, and the duty of the courts when litigation arises, to construe such statutes or ambiguities liberally in favor of the taxpayer or citizen and strictly against the taxing authority. If a taxing statute does not reveal with certainty the intent of the legislature and is suceptible of two meanings, the meaning most favorable to the taxpayer should be adopted. This is particularly true in instances wherein one meaning results in imposing the tax and the other relieves imposition of the tax. (See 31 Fla.Jur:, Taxation, Section 60, and cases therein cited)
Affirmed.
BOYER, C.J., and SMITH, J., concur.