BOYER, Chief Judge
(concurring in part and dissenting in part).
I dissent. As to the first point, appellant argues that the trial court erred in classifying as rental payments subject to taxation pursuant to F.S. 212.031 cash contributions from a wholly owned subsidiary to its parent. The monies were not transferred on any fixed date. No rental deductions were ever taken by either party. There was no written lease nor rental agreement. Each party to the transfers considered the “payments” as simple inter-corporate transfers bearing no relation to the rental value of the premises. Appellant is correct. The power to tax is the power to destroy. Uncertainties and ambiguities in taxing statutes must be resolved in favor of the taxpayer. (See Department of Revenue v. Brookwood Assoc., Ltd., Fla.App. 1st 1975, 324 So.2d 184) We may take judicial notice that the legislature convenes annually. If it desires to remove any uncertainties in the taxing structure it is free to do so. I would reverse.
As to the last point relating to the penalty assessed pursuant to F.S. 212.12(2), the final judgment in favor of appellee should be reversed so far as it approves a penalty for failure to pay taxes on the inter-corporate cash transfers referred to in the pre-ceeding paragraph hereof.
In all other respects I concur in affirmance.