338 So.2d 838 (1976)
FLORIDA DEPARTMENT OF REVENUE, an Agency of the State of Florida, Petitioner,
v.
Joseph A. DE MARIA, Respondent.
No. 48492.
Supreme Court of Florida.
October 14, 1976.
Robert L. Shevin, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., for petitioner.
Shalle Stephen Fine, of Fine & Brownstein, Miami, for respondent.
SUNDBERG, Justice.
This case is presented on petition for writ of certiorari to the District Court of Appeal, First District. Petitioner asserts conflict between the decision in this case reported at 321 So.2d 101 and the decision of this Court in Kendall House Apts., Inc. v. Dept. of Revenue, 245 So.2d 221 (Fla. 1971). We conclude that there is conflict in decision and, accordingly, have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
The question presented for our decision is whether the transfer of real property, subject *839 to an outstanding mortgage, from a corporation to its sole shareholder, when the transferee satisfies the purchase money mortgage payments, is taxable under Section 201.02, Florida Statutes.[1]
The salient facts and proceedings in this cause may be summarized briefly. In October, 1972, Orange Motors of Miami, Inc., a corporation of which respondent De Maria (taxpayer) is president and sole stockholder, acquired certain real property for a purchase price of $85,000, including a purchase money mortgage of $60,000. On January 3, 1973, the real property was conveyed by quitclaim deed to taxpayer. Taxpayer did not "assume" the outstanding mortgage, but he has made the monthly payments since the date of conveyance for the purpose of satisfying the $60,000 purchase money mortgage.
Taxpayer filed a class action complaint to enjoin the Florida Department of Revenue (DOR), petitioner, from attempting to collect the documentary stamp tax and penalty pursuant to Sections 201.02 and 201.17, Florida Statutes. During the preliminary pleading stage, taxpayer's right to maintain the suit as a class action was denied. After the issues were framed by the pleadings and discovery was completed, both parties filed motion for summary judgment. By order dated March 11, 1975, taxpayer's motion for summary judgment was granted. The trial court held that the deed in question was not subject to the documentary stamp tax imposed by Section 201.02, Florida Statutes. DOR prosecuted its appeal to the District Court of Appeal, First District, which, one judge dissenting, affirmed the trial court by adopting its judgment.
The trial court and the majority of the District Court of Appeal determined that the issue presented was controlled by State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493 (Fla. 1956). In Green, supra, there was a conveyance of unencumbered real property from a corporation to its stockholders without payment by the grantees. In the transaction the value of the property was charged to the paid-in surplus account of the corporation, and the paid-in surplus of the corporation was accordingly reduced upon transfer. This Court held that ". . the deed in question did not require documentary stamps because the grantees were not `purchasers,' and did not pay a `reasonably determinable', `consideration'... as contemplated by Sec. 201.02, Florida Statutes, F.S.A... . It was a mere book transaction... ." The courts below concluded that Kendall House, supra, and Rasberry v. Dickinson, 243 So.2d 236 (Fla. 1st DCA 1971), also relied upon by DOR, were distinguishable from Green, supra, because Green entailed a mere book transaction and was not a sale to a "purchaser" as contemplated by Section 201.02, Florida Statutes.
In the instant case, like Green, supra, the transfer was by a corporation to its stockholder. However, in the case sub judice the transfer carried with it a shifting of the economic burden of paying the purchase money mortgage from the grantor corporation to the grantee shareholder. Upon the conveyance from the corporation to the shareholder, the corporation received a benefit to the extent that it was relieved of the obligation to pay the purchase money mortgage and the shareholder incurred a commensurate economic burden. This is so even though taxpayer took the conveyance only "subject to the purchase money mortgage," because, as stated by this Court in Kendall House, supra:

*840 "... It is an economic fact that persons who acquire property `subject to' a mortgage normally pay the indebtedness represented by the mortgage in order to prevent the loss of the property to the same extent as those persons acquiring property `assuming and agreeing to pay' the mortgage." Kendall House Apts., Inc. v. Dept. of Revenue, Fla., 245 So.2d 221, 223.
It is this shifting of the economic burden and benefit which supplies the consideration required by Section 201.02, Florida Statutes. As pointed out by Judge Wigginton in Rasberry v. Dickinson, supra, a comparison of the language of the federal documentary stamp tax statute, 26 U.S.C.A. § 4361, and of Section 201.021, Florida Statutes, with the language of Section 201.02, Florida Statutes, makes it apparent that the Legislature intended not to exempt the value of any lien or encumbrance from the tax imposed by the latter section. In circumstances essentially the same as in the instant case, the Seventh Circuit Court of Appeal interpreted the language of the federal documentary stamp tax statute to impose a tax on a conveyance of property to the extent that the sole stockholder (the parent corporation) assumed the debts of the transferor (a dissolved subsidiary corporation). Greyhound Corp. v. United States, 208 F.2d 858 (7th Cir.1954).
In the factual context of the case at bar, there can be little doubt that there was a "reasonably determinable consideration" within the purview of Section 201.02, Florida Statutes. Consequently, there remains only the question whether the taxpayer was a "purchaser" as contemplated by that section. Since Chapter 201, Florida Statutes, does not define the term "purchaser" as it is used in Section 201.02, we turn to the plain and ordinary meaning of the term as defined in Webster's New Twentieth Century Dictionary (2d unab. ed. 1971), page 1463:
"purchaser: one who obtains or acquires property by paying an equivalent in money or other exchange in value."
Since we have concluded that there was "reasonably determinable consideration" flowing from the taxpayer to the corporation for the conveyance of the real property here involved, it is inescapable that the taxpayer is "one who obtains or acquires property by paying an equivalent in money or other exchange value."
It is our conclusion, then, that DOR properly applied the concepts of both Green and Kendall House Apts., supra. The corporation's $25,000 equity in the real property was exempted from documentary stamp taxation, consistent with Green, because there was a mere change in form of the stockholder's equity in the corporation; whereas, consistent with Kendall House Apts., the shift in economic benefit and burden between the corporation and the taxpayer relative to the purchase money mortgage was subjected to taxation.
The petition for writ of certiorari is granted, and the decision of the District Court of Appeal, First District, is quashed with directions to remand the cause to the trial court for entry of judgment in favor of DOR.
OVERTON, C.J., and BOYD, ENGLAND and HATCHETT, JJ., concur.
NOTES
[1] The pertinent provision of § 201.02, Fla. Stat. (1971), is as follows:

"Tax on deeds and other instruments relating to lands, etc. 
"(1) On deeds, instruments, or writings whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, on each $100 of the consideration therefor the tax shall be 30 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 30 cents for each $100 or fractional part thereof of the consideration therefor... ."