DAUKSCH, Judge.
By Petition for Writ of Certiorari, we have for review a Final Order of the Department of Revenue, assessing Petitioner for documentary stamp taxes and penalty. We grant certiorari. Fla.App.Rule 4.1.
In 1969, Petitioner entered into a joint venture agreement with Kassuba Realty Corporation to acquire real property for rental and investment purposes. Under the terms of the agreement acquisition and financing of the properties were handled thru Kassuba Realty. Its president, Walter Kas-suba, personally guaranteed all obligations of Kassuba Realty. Petitioner was primarily responsible for the development and management of the properties.
Under the terms of the joint venture agreement, each venturer was liable on all notes and other evidences of indebtedness of the joint venture in proportion to his respective interest in the venture, that is, fifty percent each. This meant that while only Kassuba Realty’s president was personally liable to a lender, under the terms of the agreement he could seek indemnification from Petitioner.
As each parcel was acquired, full documentary stamps were affixed to the deed and record title was retained by Kassuba Realty Corporation. Equitable ownership of the property was conveyed to the joint venturers, each taking fifty percent.
In 1973 Walter Kassuba began experiencing financial difficulties and filed for bankruptcy. Petitioner, wishing to extricate his fifty percent interest in the venture from the bankruptcy proceedings and the claims of Kassuba’s creditors, entered into an agreement with Kassuba which was approved by the bankruptcy court. Each ven-turer received whole parcels of property to satisfy his fifty percent interest and assumed the mortgages thereon.
Pursuant to this agreement, Kassuba Realty, Walter Kassuba, and his wife executed four quit-claim deeds, conveying certain whole parcels to Petitioner. The consideration stated on the face of each deed was $10.00. Minimum documentary stamps were affixed to each deed.
The Department of Revenue sent Petitioner a Notice of Assessment for $3,307.50 plus a penalty of $3,307.50. This assessment was based on the value of the mortgages assumed by Petitioner when the joint venture property was conveyed to him by the four quit-claim deeds. Petitioner objected to the additional assessment and argued that the conveyances constituted a partition of joint venture property so that no consideration was given.
An administrative hearing was held and the Hearing Officer found that the assessment was proper because Petitioner gave consideration for the transaction in that prior to the conveyances he was liable only for indemnification under the terms of the joint venture agreement but afterward he was directly and primarily liable for the outstanding mortgages.
We find that the transaction resulted only in a change in the form of Petitioner’s liability and hold that such a change does not constitute consideration for documentary stamp tax purposes.
The clear purpose of Section 20[1].-02*, Florida Statutes (1975), is to assess the *1174 purchaser for documentary stamp tax on the basis of the total consideration given in the transfer of real property. Kendall House Apartments, Inc. v. Department of Revenue, 245 So.2d 221 (Fla.1971). When a grantee specifically “assumes” a mortgage or even when he takes property only “subject to” an outstanding mortgage, he has given consideration to the extent of the value of such mortgage. Florida Department of Revenue v. De Maria, 338 So.2d 838 (Fla.1976).
The rationale of both the cited cases is that where the burden of making' the mortgage payments has shifted from the grantor to the grantee, consideration is given by the grantee. The Supreme Court in Florida Department of Revenue v. De Maria, supra, referred to this change in financial responsibility as a “ . . . shifting of the economic burden and benefit which supplies the consideration required by Section 201.02, Florida Statutes” at 840.
It might appear that the Petitioner, in assuming the mortgages on the parcels conveyed to him, gave consideration as defined in Florida Department of Revenue v. De Maria, supra, and Kendall House Apartments, Inc., supra. However, we believe that these cases are distinguishable. We find that implicit in the holdings in both De Maria and Kendall House Apartments, Inc. is an absence of any liability or obligation in the grantee with respect to the mortgage prior to the conveyance. With the transfer in each case came a genuine “shifting of the economic burden” from a grantor who was solely responsible for mortgage payments to a grantee who, prior to the transfer, had no share in the financial obligation represented by the mortgage.
We conclude that the quit-claim deeds at issue here represent nothing more than a change in the form of Petitioner’s liability. Prior to the conveyances he was liable, by way of his duty to indemnify, for one-half of the value of all evidences of indebtedness. Subsequent to the transfers, he remains liable for one-half; only the nature of his liability has changed. See Straughn v. Story, 334 So.2d 337 (Fla. 1st DCA 1976).
Finding that Petitioner was not a purchaser for consideration within the meaning of Section 201.02, Florida Statutes (1975), the Final Order of the Department of Revenue is REVERSED.
CROSS and LETTS, JJ., concur.

. “201.02 Tax on deeds and other instruments relating to lands, etc.—
(1) On deeds, instruments, or writings whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, on each one hundred dollars [$100] of the consideration, therefor the tax shall be thirty [30] cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of thirty [30] cents for each one hundred dollars [$100] or fractional part thereof of the consideration therefor.
(2) The tax imposed by subsection (1) of this section shall also be payable upon documents by which the right is granted to a tenant-stockholder to occupy an apartment in a building owned by a cooperative apartment corporation.
*1174 (3) The tax imposed by subsection (2) shall be paid by the purchaser, and the document recorded in the office of the clerk of the circuit court as evidence of ownership.”