CHARLES CARROLL (Ret.), Associate Judge.
By petition for certiorari, Win-San Building Corporation seeks review of a finalized order of the Department of Revenue finding that a certain transfer of real estate was subject to documentary stamp tax, and that a 100% penalty was owed for failure to apply such tax stamps under Sections 201.02 and 201.17, Florida Statutes (1975).
The property involved was the sole asset of Bal-Harbour Towers, Inc. Outstanding thereon was a mortgage of $800,000.00. That corporation was a wholly owned subsidiary of the petitioner corporation. Upon liquidation of the former, the asset was transferred to the parent corporation, its stockholder, without monetary consideration, but subject to said mortgage. Relying on State ex rel. Palmer-Florida Corporation v. Green, 88 So.2d 493 (Fla.1956) as authority that the transfer in those circumstances was not subject to the tax, the stamps were omitted. By the terms of Section 201.17, Florida Statutes (1975) one who makes or receives a document or instrument required to be so taxed, without the full amount of the tax imposed thereon being paid, is guilty of a misdemeanor of the second degree and any such document on which the tax is imposed, which upon audit or recor-dation does not bear the proper value of stamps, shall “subject” the person or persons liable for the tax to (a) payment of the stamps required and (b) to a monetary penalty, as follows:
“Payment of penalty to the Department of Revenue equal to the purchase price of the stamps not affixed. This penalty is to be in addition to and not in lieu of any other penalty imposed by law.”
Here, the tax found payable on the transfer was $23,999.70, and the penalty imposed was in like amount, making an aggregate of $47,999.40.
Petitioner contends first, that the transfer was one that was not subject to such tax and second, that the imposition of the 100% penalty was improper under the circumstances.
On petitioner’s first contention we find no merit. The Supreme Court held that a transfer made in such circumstances, subject to a mortgage was a taxable transfer. See: Florida Department of Revenue v. DeMaria, 338 So.2d 838 (Fla.1976). There, as in Green, the transfer was by a corporation to its stockholder. However, whereas in Green the transfer was not subject to a mortgage, in DeMaria it was, and in the latter case the Court held the transfer was thus taxable on the basis of the amount of the encumbrance, on the theory that the transfer carried with it a shifting of the economic burden of paying the outstanding mortgage.
Petitioner argues DeMaria should not apply here because the two corporations, for some years prior to the transfer, had availed themselves of the privilege of filing joint income tax returns. With that contention we cannot agree. The imposition of the tax was authorized and required on authority of the holding of the Supreme Court in DeMaria. See, also: Greyhound Corporation v. United States, 208 F.2d 858 (7th Cir. 1954).
We also must reject as unsound the arguments upon which the petitioner seeks *114 to have this court modify and reduce the statutory 100% penalty imposed for omission to affix the tax stamps due.
In contending the imposition of the full penalty was inequitable, because of petitioner’s belief the stamp tax was not applicable to this transaction, petitioner relied on Zuckerman-Vernon Corp. v. Department of Revenue, 339 So.2d 685 (Fla. 1st DCA 1976), where, for certain circumstances therein involved that court held the full penalty was inequitable, and materially reduced it. However on certiorari that ruling of the District Court in Zuckerman was. quashed by the Supreme Court. State of Florida, Department of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353 (Fla.1977). In the latter, while the Supreme Court held the Department had no discretion to reduce the penalty prescribed by the statute, the Court recognized the inherent power of the courts to reduce or modify a documentary tax penalty imposed pursuant to Section 201.17(2), Florida Statutes (1975) but found absence of disclosure of equities in that case sufficient to call for exercise of the power. The Court stated that good faith belief that the transfer was not taxable, without more, was insufficient to prompt a reduction and that the size or amount of the penalty, alone, did not make it inequitable. Ch. 77-281, amending Section 201.17 (1975) was held not to operate retroactively.
For the reasons stated, the petition for writ of certiorari is denied.