DAUKSCH, Judge.
Petitioner seeks our Writ of Certiorari to the Department of Revenue (DOR) to review a ruling of the DOR which approved a hearing officer’s recommended order assessing liability against petitioner for certain documentary stamp taxes, surtax and penalties all related to real property transfers.
Petitioner is a general partnership the members of which are various individuals who owned and operated warehouses. In order to provide more convenient and economical management of their various separate holdings it was agreed they would each transfer their properties to the partnership and this single entity would handle the management. The only assets of the partnership are these properties.
When the deeds to the properties were recorded minimal documentary stamp taxes and surtaxes were paid because, petitioner contends, these were transfers made without consideration. When the properties were transferred to the partnership they were taken subject to various mortgages encumbering each of them. No money or other consideration actually passed from the partnership to the transferor partners.
For us to decide, first, is whether the conveyance of real estate without consideration other than the taking subject to a mortgage is a sufficient transfer for consideration to require the payment of documentary stamp tax and surtax under Sections 201.02 and 201.021, Florida Statutes (1975):
Section 201.02: (l)On deeds, instruments, or writings whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, on each $100 of the consideration therefor the tax shall be 30 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 30 cents for each $100 or fractional part thereof of the consideration therefor.
Section 201.021: (1) A documentary surtax, in addition to the tax levied in s. 201.02, is levied on those documents taxed by s. 201.02 at the rate of 55 cents per $500 of the consideration paid; provided, that when real estate is sold, the consideration, for purposes of this tax, shall not include amounts of existing mortgages on the real estate sold. If the full amount of the consideration is not shown on the face of the document, then the tax shall be at the rate of 55 cents on each $500 or fractional part thereof of the consideration.
(2) The Department of Revenue shall pay all taxes collected under this section to the Treasurer for deposit in the Land Acquisition Trust Fund. Sums deposited there may be used for any purpose for which funds deposited in the Land Acquisition Trust Fund may lawfully be used and may be used to pay the cost of the collection and enforcement of the tax levied by this section.
This is answered in Florida Department of Revenue v. DeMaria, 338 So.2d 838 (Fla. 1976) which held in the affirmative. In that case, which recalls the case of Kendall House Apartments, Inc. v. Department of Revenue, 245 So.2d 221 (Fla.1971), it was held that a shifting of the economic burden is sufficient consideration in the transfer of real property to warrant payment of the taxes. See also our own Abramson v. Straughn, 348 So.2d 1172 (Fla. 4th DCA 1977) which followed those two cases but found no shifting of economic burden.
It is argued by petitioner that because each partner took a share in the general partnership in an exact proportion to the equity in the property which he transferred to the partnership and since each partner’s liability is limited to his former liability under his own mortgage there was no shifting of the economic burden. This argument overlooks the fact that the partnership entity acquired the assets subject to mortgages it must pay. If the partnership fails to pay the mortgage it will lose the asset by foreclosure. All of the assets were *379 taken subject to mortgages, no matter the individual former owners agreed to pay their proportionate share. If a partner breaches his agreement, the partnership pays or the asset is lost. A shifting of the burden occurred upon the transfer just as described in Florida Department of Revenue v. DeMaria, supra. As to this point we see no departure from the essential requirements of law.
Petitioner next contends DOR miscalculated the amount of the tax liability. We agree with that contention. In figuring the tax liability DOR used the regulation from the Florida Administrative Code 12 A-^.lSilOXc).[1] While this is a proper method for determining the amount of tax owed, the tax collector should reduce the consideration figure, in this case, by the proportionate share of the individual grantor’s liability as a partner in the entire partnership burden of indebtedness. All transactions should be taxed the same; to apply 12 A-4.13(10)(c) strictly in each case would not recognize cases, such as this, which vary from the norm in terms of the consideration received by the grantor. If we say the transaction is taxable because an economic burden is shifted then we must accurately assess that burden shifting by adjusting the consideration figure. If one partner’s transfer reduces his actual liability then the consideration for his transfer is proportionately increased. When another partner’s actual liability is increased as a result of the transfer the consideration for that transfer is proportionately reduced.
As a third point on appeal petitioner asserts respondent abused its discretion in assessing a penalty for non-payment and further abused its discretion in setting the amount of the penalty. As was held in State of Florida, Department of Revenue v. Zuckerman-Vernon Corporation, 354 So.2d 353 (Fla.1977) the DOR has no discretion in the matter. The fixing of the penalty and the amount is mandatory. This case, like State of Florida, Department of Revenue v. Zuckerman-Vernon Corporation, supra, is controlled by Section 201.17(2), Florida Statutes (1975) as it read before it was amended by Ch. 77-281, Laws of Florida, so the penalty cannot be reduced to twenty-five percent.
Certiorari is granted and the order assessing the tax and penalty is quashed and this cause remanded to the Department of Revenue for proper assessment of the tax and penalty in accordance with this opinion.
It is so ordered.
MOORE and BERANEK, JJ., concur.

. This is now 12 B-4.13(10)(c) and is just the same as before, including the errors in the example (.30% and 1000,000):
(c) When the owner of property forms a general partnership with other parties and he conveys the property to the partnership subject to a mortgage for which the partnership assumes the burden of making the mortgage payments, the conveyance to the partnership is taxable under Chapter 201, F.S. The tax should be computed upon the unpaid balance of the mortgage debt at the time of the conveyance, plus any other consideration, including the value of the interest in the partnership received by the grantor, less the portion of the unpaid balance represented by the percentage of interest which the grantor acquires in the partnership.
EXAMPLE: “A” transfers real property to a partnership which has a net worth of $100,-000 for a thirty percent interest in the partnership. The property transferred by “A” to the partnership has a mortgage executed by “A” with an unpaid balance of $200,000 at the time of transfer. Consideration upon which tax is computed:
Unpaid balance of mortgage $200,000
Value of 30% interest in partnership (.30% x $10000,000) 30.000
Sub-total $230,000
Less 30% of unpaid balance of mortgage (.30% x $200,000) 60,000
Basis for computation of tax $170,000