379 So.2d 1313 (1980)
William V. GRUMAN, Petitioner,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Respondent.
No. 79-396.
District Court of Appeal of Florida, Second District.
February 13, 1980.
*1314 Brooks P. Hoyt of Stichter, Stagg, Hoyt, Riedel & Fogarty, Tampa, for petitioner.
Jim Smith, Atty. Gen., and E. Wilson Crump, II, and Maxie Broome, Jr., Asst. Attys. Gen., Tallahassee, for respondent.
OTT, Acting Chief Judge.
Following an administrative hearing the Department of Revenue (Department) assessed a documentary tax, penalties and interests totaling $11,432.60 against a transfer of real property by quitclaim deed from appellant to his wholly owned corporation. The hearing officer had recommended to the Department that the assessment be withdrawn on the ground that there was no consideration for the conveyance. The Department rejected that recommendation and ordered the assessment. We reverse that order.
Appellant's wholly owned corporation, Gulf Standard Corporation, built an apartment complex in Tampa. Appellant and his wife were required to guarantee payments on a 1.85 million dollar mortgage. Gulf Standard became insolvent and conveyed all its assets, including the apartments, to appellant by quitclaim deed. Appellant assumed all the liabilities of the corporation. He made some of the mortgage payments and later quitclaimed the apartments to another wholly owned corporation, Northwest Liquor Industries, Inc., again without any money changing hands.
*1315 The Department assessed a documentary tax on both transfers, but later withdrew its assessments on the conveyance from Gulf Standard to appellant because no benefit resulted to appellant, who assumed responsibility for all its debts, and who had been liable for the mortgage payments at all times.
Appellant protested the tax on his conveyance of the property to Northwest Liquor. He claimed there was no consideration for it, that notwithstanding the conveyance he and his wife remained liable on the mortgage and that the fair market value of the apartments was less than the balance owing on the mortgage at the time of the transfer. He requested and got a formal hearing before a state hearing officer.
The Department relied upon language in an analogous provision of the Florida Administrative Code which provides that the unpaid balance of any mortgage on conveyed property is presumed to be part of the consideration for the conveyance. Rule 12B-4.13(7). To rebut that presumption, appellant introduced evidence (1) that Northwest Liquor Industries never made any payments on the mortgage, but instead went into bankruptcy almost immediately after the conveyance, and (2) the mortgage holder thereupon foreclosed on the property and obtained a deficiency judgment against appellant and his wife for over $500,000.
In his recommended order the hearing officer set forth his findings of fact and conclusions of law, as required by Section 120.57(1)(b)(8), Florida Statutes. He found that at the time of the conveyance the market value of the property was less than the mortgage guaranteed by appellant, that only a "captive grantee" would accept such a conveyance, and that appellant remained liable on the mortgage after the conveyance. He also found, but classified it as a "conclusion of law", that Northwest Liquor had failed to make the mortgage payments when due. In express reliance upon American Foam Industries v. Florida Department of Revenue, 345 So.2d 343, (Fla.3d DCA 1977), he concluded that since Northwest Liquor did not make the mortgage payments after the transfer of the property, and since the conveyance did not relieve appellant of his liability on the mortgage, no consideration passed and the transfer to Northwest Liquor was subject to only minimal tax. He therefore recommended that the notice of proposed assessment be dismissed and the case closed.
The Department rejected that recommendation, asserting as fact its contention that Northwest Liquor had assumed the mortgage and promised to pay it, thus according appellant a benefit which constituted sufficient consideration for the conveyance to justify the documentary tax on the transfer. It also refused to be bound by the hearing officer's finding that Northwest Liquor had not made payments on the mortgage, taking the position that this was a "conclusion of law", and thus subject to rejection by the Department under Section 120.57(1)(b)(9), Florida Statutes.
The substituted order proposed by the Department was given final approval by the governor and the assessment of tax, penalties, and interest was allowed to stand.
In support of its order, the Department cites Rule 12B-4.12(2)(e) of the Administrative Code, which provides that a conveyance of premises subject to a mortgage debt, lien or encumbrance constitutes "consideration" for purposes of assessing a documentary tax. We note that this somewhat vague and ambiguous provision has now been supplemented by Rule 12B-4.13(25), which provides that the total consideration for a conveyance includes any mortgage which the grantee "pays or agrees to pay".
There isn't a shred of evidence to support the Department's insistence that Northwest Liquor assumed the mortgage. The face of the deed contains no such provision. The only other evidence on the point came from appellant's testimony, which denied it. The Department relies solely on the presumption noted (but not relied upon) in Kendell House Apartments v. Florida Department of Revenue, 245 So.2d 221 (Fla. 1971), that a grantee of property subject to an encumbrance will "normally" pay it in *1316 order to protect his investment. Whatever the validity of that observation may be, we seriously doubt it was intended to apply to a situation where a "captive grantee" accepts property worth less than the balance due on the mortgage encumbering it and, in fact, makes no payment on such mortgage.
Likewise, we find no support in the record for the Department's assertion that consideration consisted of the appellant's being relieved of liability on the mortgage, as in Florida Department of Revenue v. DeMaria, 338 So.2d 838 (Fla. 1976). The evidence not only belies any express release, it furnishes no basis whatsoever for any claim that appellant benefited by virtue of any mortgage payments made by Northwest Liquor after the conveyance. The hearing officer repeatedly stated in his recommended order that no such payments were made. Regardless of where the statements appear, or how they are labeled, they are undeniably findings of fact  and must be treated as such. 5 Am.Jur.2d 271, § 829, Appeal and Error.
The findings of a trier of fact are entitled to as much weight and respect as the verdict of a jury. Hamilton v. Title Insurance Agency of Tampa, Inc., 338 So.2d 569 (Fla.2d DCA 1976). They may not be ignored or overturned unless review of the entire record reveals a total lack of substantial evidence to support them. Chakford v. Strum, 87 So.2d 419 (Fla. 1956). Florida's Administrative Procedure Act expressly adopted those principles. § 120.57(1)(b)(9), Fla. Stat.
We therefore conclude, and so hold, that the hearing officer's findings that, in effect, Northwest Liquor never did pay or agree to pay the outstanding mortgage are amply supported by the evidence and constitute findings of fact that are binding upon the Department.
For the reasons which we have discussed, we vacate the order of the Department and remand for the entry of an order consistent with the recommendations of the hearing officer and this opinion.
RYDER and DANAHY, JJ., concur.