## IRVIN R. SCHINDLER INC. v. POWELL, et al.

Case No. 81 9752 SP 05

County Court, Dade County

February 18, 1982

### APPEARANCES OF COUNSEL

**Irvin Schindler**, pro se.

**William Du Fresne** for third-party plaintiff, Eddie Louis Powell.

**Wepman & Wepman**, P.A., for third-party defendant, Sarah Powell.

### OPINION OF THE COURT

THOMAS M. CARNEY, County Judge.

### *MEMORANDUM OPINION*

This action was heard upon Plaintiff's suit on a note signed by defendant Eddie Louis Powell. Upon the evidence, presented, plaintiff is entitled to recover from defendant the sum of $1,012.72, together with interest in the sum of 4.4502 per day and costs.

Defendant has filed a Third Party action against two successors in interest in a parcel of real estate covered by a mortgage that secured the note he signed. Defendant claims that since Third Party Defendant Sarah Powell took the property under a deed which recited:

"subject to a second mortgage held by Fair Realty, Inc., Trustee in the original principal amount of $2,500.00"

that she took the property with constructive knowledge of the obligation and is therefore liable. Third Party Defendant C. Sullivan Culver, the successor to Sarah Powell, is likewise said to be liable upon the same theory. However, no evidence of how Third Party Defendant C. Sullivan Culver had constructive knowledge was adduced at trial. As to him, a dismissal with prejudice shall issue based upon this memorandum.

Insofar as Third Party Defendant Sarah Powell's position is concerned, it is clear that she took this property subject to, and did not assume any mortgage.

In the absence of clear language to the contrary on a deed conveying real property, only a grantee who "assumes" a mortgage becomes personally liable to pay the indebtedness. Contrariwise, use of the terms "subject to" eliminates personal liability of the grantee to pay such indebtedness and this is regardless of his or her constructive knowledge. *Kendall House Apartments v. Department of Revenue*, 245 So.2d 221 (Fla. 1971). Furthermore, the property settlement agreement is not a specific assumption of this particular mortgage by this Defendant.

Judgments dismissing this Third Party Defendant, with prejudice, will be entered in accordance with this memorandum opinion.