63 So.2d 68 (1953)
PROCTOR
v.
SCHOMBERG.
Supreme Court of Florida, Division A.
February 6, 1953.
Rehearing Denied February 23, 1953.
*69 John C. Wynn, Miami, for appellant.
J. Lewis Hall, Tallahassee and M. Earl Baum, Miami, for appellee.
MATHEWS, Justice.
This was an action of a patient against a dentist alleging malpractice and breach of contract.
The appeal is from a summary judgment which also contained an order dismissing an amended complaint as amended.
The original complaint contained the following:
"1. On or about the month of November 1947 and prior and subsequent thereto the defendant, W. Worth Schomberg, was engaged in the practice of dentistry in Dade County, Florida, and while so engaged held himself out to the public as a dentist skilled in his profession, and by reason thereof on the date aforesaid the defendant was employed by the plaintiff, and by virtue of such employment did agree and undertake carefully and skillfully to attend as a dentist and render proper dental treatment and care to the plaintiff, Marjorie D. Proctor, to-wit: remove an impacted wisdom tooth. That said employment of the defendant included and comprehended all care and attention necessary and proper in the performance of such dental work and treatment of the plaintiff in respect thereto. That the defendant so carelessly and negligently did and performed the said dental work and treatment of the plaintiff in respect thereto that he left a piece of broken metal instrument or some other foreign substance unknown to the plaintiff in the area of the bone structure where the impacted wisdom tooth had been removed.
"2. That as a proximate result of defendant's said carelessness and negligence as aforesaid the plaintiff, Marjorie D. Proctor, has continuously endured great physical and mental pain and suffering, and plaintiff's nervous system has been thereby permanently injured and impaired, causing her to be nervous at all times. That all of plaintiff's said injuries are permanent, and she will continue in the future to endure great mental and physical pain and suffering and nervousness as aforesaid. That by reason of plaintiff's injuries as aforesaid she has expended divers sums of money for doctors, hospital bills, medicine, and other related expenses incidental to said injuries, and in the future will be required to make further expenditures for such purpose. That at the time of plaintiff's injuries as aforesaid she was gainfully employed, and by reason of such injuries she will sustain future loss of earnings."
The complaint was filed on the 2nd day of August, 1951. The appellee filed motion to dismiss on the ground that "said complaint affirmatively shows that the alleged cause of action is barred by the statute of limitations." The Court granted the motion to dismiss and allowed the appellant to file *70 an amended complaint. In due course an amended complaint was filed which was also amended. A motion to dismiss the amended complaint as amended was then filed which contained the following ground:
"Because said amended complaint affirmatively shows that the alleged cause of action is barred by the statute of limitations."
After notice and argument, the Court entered its final judgment based upon an order granting the motion to dismiss. In this final judgment and order there appears the following:
"2. That the motion to dismiss filed in said cause by the defendant to the amended complaint as amended filed in said cause by the plaintiff be and the same is hereby granted upon the ground that it affirmatively appears therefrom that this cause of action is barred by the statute of limitations, and said cause is hereby dismissed with prejudice and at the cost of plaintiff."
This Court has long been committed to the doctrine that the statute of limitations is an affirmative defense and must be pleaded. It cannot be taken advantage of by a motion to dismiss. In our most recent case of Tuggle v. Maddox, Fla., 60 So.2d 158, 159, this Court, in an opinion by Mr. Justice Thomas, said:
"Another reason for considering the motion to strike as one to dismiss or in dismissing the cause on his own account, was the affirmative appearance that the claim was barred by the statute of limitations. This was a ground of the motion to strike but was not authorized as such by the rule. On the contrary it is specifically provided that the statute of limitations, when relied upon as a defense, shall be set forth affirmatively [30 F.S.A.Rules of Common Law]. Rule 9(d). This method was purposely adopted to obviate the necessity of the initial pleader's setting forth that the statute had been waived or tolled and to dispel any existing uncertainty in the law on the subject. If the statute is affirmatively pleaded and such waiver or tolling is considered by the plaintiff to have counteracted its effect he may present the matter by a reply under rule 8(a). Of course, being an affirmative defense, the defendant may waive the statute by ignoring it."
In this case it was reversible error to dismiss the complaint and the amended complaint as amended on the ground that the same showed on its face that it was barred by the statute of limitations. If the appellee desired to take advantage of the statute of limitations, he should have pleaded the same as an affirmative defense and then if the appellant could show that the statute had been tolled or that there were facts which would constitute an exception to the statute, the appellant was privileged to file additional pleadings raising such questions.
This brings us to the second question presented on this appeal, namely, will the fraudulent concealment of an injury such as the injury in this case toll the running of the statute of limitations or constitute an exception to the statute thereby postponing the commencement of the running of the statute until discovery, or reasonable opportunity of discovery, by the owner of the cause of action? A decision on this question is not absolutely necessary in order to determine whether or not the cause should be affirmed or reversed. However, it was presented in the Court below and was presented in the briefs on appeal and at the bar of this Court at the time of oral argument and it appears certain that if the question is not settled, the case will again find its way to this Court for the settlement of this one question.
In the amended complaint, in attempting to meet the ruling of the trial court in dismissing the original complaint, the appellant presented this very question. In the amended complaint as amended we find the following paragraph:
"2. That the defendant knew or by the exercise of reasonable care should have known that he had left a piece of broken metal instrument or other foreign substance in the area of the bone structure where the plaintiff's impacted wisdom tooth had been removed at the *71 time the defendant negligently and carelessly performed the said dental work, as aforesaid, but the defendant did not inform the plaintiff that he had left a piece of broken metal instrument or other foreign substance in the area of the bone structure where the plaintiff's impacted wisdom tooth had been removed, and the defendant had never informed the plaintiff that he left the piece of broken metal instrument or other foreign substance in the area of the bone structure where plaintiff's impacted wisdom tooth had been removed, and fraudulently concealed the same from the plaintiff, although approximately 10 months thereafter defendant performed other dental work for the plaintiff, and took X-Ray pictures of the bone structure wherein the piece of broken metal instrument or other foreign substance was left by the defendant's carelessness and negligence. That the plaintiff did not know and had no way of learning that the defendant had left the piece of broken metal instrument or other foreign substance in the area of the bone structure where her impacted wisdom tooth had been removed, and had no notice or knowledge of the defendant's carelessness and negligence, as aforesaid, until on or about the month of December 1950 when X-Ray pictures were taken by another dentist, which revealed the piece of broken metal instrument or other foreign substance in the area of the bone structure where plaintiff's impacted wisdom tooth had been removed by the defendant."
The appellee filed a motion to strike the whole of the last above quoted paragraph. In its order granting the motion to dismiss the amended complaint as amended the Court denied the motion to strike "for the reason that it becomes unnecessary to rule thereon after the granting of the motion to dismiss filed in said cause by the defendant."
The paragraph in dispute may be considered as surplusage. The appellant was under no duty to plead any facts tolling the statute of limitations until the same had been pleaded as an affirmative defense by the appellee.
In this case the record shows that the appellee held himself out as being a skilled professional man. He was authorized to practice dentistry in the State of Florida. The appellant was a layman and was not supposed to know anything about dentistry or whether or not a tooth had been properly extracted or a piece of the instrument used in extracting the tooth had been left in the cavity unless she was so advised by someone with sufficient skill and knowledge with reference to such matters. The dentist necessarily handled the instruments in extracting the tooth and in cleaning them, examining them, or taking them apart after such extraction. He was the only one in position to know what had been done.
After the extraction, the appellant continued to suffer pain in the region where the tooth had been extracted. She went back to her dentist where X-Rays were made and at that time he was in a better position than anyone else to determine the condition of the cavity and whether or not he had left some foreign substance in it. He did not advise her of any foreign substance in the cavity.
Should the appellee plead the statute of limitations, the appellant may plead such facts as she deems advisable to show that by reason of fraudulent concealment, the statute of limitations was tolled, or that the case presented is an exception to the statute of limitations. The sufficiency of such pleading may be tested in and determined by the trial Court.
In 34 Am.Jur. p. 188, sec. 231, the author states:
"* * * According to the majority rule, however, fraudulent concealment of a cause of action from the one in whom it resides, by the one against whom it lies, constitutes an implied exception to the statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the fact by the owner of the cause of action; under this rule, one who wrongfully conceals material facts and *72 thereby prevents discovery of his wrong or the fact that a cause of action has accrued against him is not permitted to assert the statute of limitations as a bar to an action against him, thus taking advantage of his own wrong, until the expiration of the full statutory period from the time when the facts were discovered or should, with reasonable diligence, have been discovered. Stated in another way, the general trend of the decisions is in support of the rule that where a party against whom a cause of action has accrued in favor of another, by actual fraudulent concealment prevents such other from obtaining knowledge thereof, or the fraud is of such a character as to conceal itself, the statute of limitations will begin to run from the time the right of action is discovered or, by the exercise of ordinary diligence, might have been discovered. * * * The rule that fraudulent concealment will prevent the running of the statute of limitations has been held applicable in actions by clients for the misappropriation of moneys collected, by patients against physicians for malpractice, for the conversion of personal property, by an owner for the recovery of lost or stolen property, to recover for the unlawful underground mining of ore belonging to another, against the liability of promoters of a corporation to account to the corporation for illegal acts or profits, by a chattel mortgagee for the fraudulent concealment and removal of the property, by a shipper to recover for unjust discrimination by a common carrier, and in other particular actions. The reasoning adopted in support of this view is that to hold that the statute of limitations ran against a person who had concealed the cause of action under such circumstances would be to permit the defendant to take advantage of his own wrong, and to sustain a defense of which in good conscience he ought not to be permitted to avail himself. * * *"
In 41 Am.Jur., p. 233, sec. 123, it is stated:
"* * * Another exception to the general rule which is commonly recognized as tolling the statute is presented where the physician has fraudulently concealed the facts showing negligence; then the statute begins to run only when the fraud is penetrated and the facts discovered, or when they should have been discovered by the exercise of reasonable diligence by the injured patient. * * *"
See also 54 C.J.S., Limitations of Actions, § 206(a), p. 219.
Reversed for further proceedings in accordance with this opinion.
HOBSON, C.J., and TERRELL and SEBRING, JJ., concur.