334 So.2d 337 (1976)
J. Ed STRAUGHN, As Executive Director of the Department of Revenue, an Agency of the State of Florida, Appellant,
v.
Girard H. STORY, Jr., and Doris M. Story, Appellees.
No. Z-434.
District Court of Appeal of Florida, First District.
June 30, 1976.
Robert L. Shevin, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., for appellant.
Brown, Smith Young, Blue, Pelham & McDonnell, P.A., Tallahassee, for appellees.
EASTMOORE, E.L., Associate Judge.
Appellees, Girard H. Story, Jr., and Doris M. Story, brought suit in the Circuit Court of Leon County to enjoin the Appellant, J. Ed Straughn, as Executive Director of the Florida Department of Revenue, from the collection of additional documentary stamp taxes. The trial court entered summary judgment for the Plaintiff.
The facts were undisputed and were set forth by the trial court as follows:
"Siesta Lago Village, Inc., a Florida corporation, was incorporated on December 8, 1971. The specific purpose of the corporation was stated as the operation of a mobile home park. There is some evidence that it operated a mobile home park.
"Prior to December 11, 1973, Siesta Lago Village, Inc., was the owner of record of certain real property located in Osceola, Florida. On December 11, 1973, said real property was encumbered by a recorded mortgage given by the corporation to Citizens and Southern Realty Investors securing a promissory note in the original principal amount of $1,800,000.00.
"At the time of the execution of the note and mortgage on July 23, 1973, the Plaintiffs, Girard H. Story, Jr., and Doris M. Story, entered into and executed a Guaranty of Loan Agreement with Citizens and Southern Realty Investors as a lender and Siesta Lago Village, Inc., as the borrower. Under the terms of the agreement, the plaintiffs, were obligated, in the event the borrower failed to perform its obligations, to immediately perform for the benefit of the lender all of the obligations of the borrower as if they constituted the direct and primary obligations of the plaintiffs. The *338 agreement further provided that the obligations of the plaintiff were independent of the obligations of the borrower and that a separate action for payment, damages or performance could be brought against either or both of the plaintiffs, "whether or not an action is brought against the borrower ... and whether or not the borrower be joined in any such action or actions, and whether or not notice be given or demand be made upon the borrower." The agreement also provided that the borrower would not permit the conveyance of the real estate in question without obtaining the consent of the lender and the borrower agreed to require the transferee to assume the payment of any instrument securing the loan.
"On December 11, 1973, by quitclaim deed, Siesta Lago Village, Inc., conveyed the real property to the Plaintiff, Girard H. Story, Jr. There was no money or anything else of value given to the corporation at the time the deed was conveyed. There is no evidence that at the time of the transfer of the real property that Citizens and Southern Realty Investors required the plaintiff to assume the mortgage in any additional way then had previously been done.
"At the time of recording the quitclaim deed, Florida documentary stamp tax, in the amount of thirty cents ($.30), the minimum amount was paid. Subsequently, the defendant state agent demanded payment of additional documentary stamp tax of $5,399.70, plus a penalty of $5,399.70. In addition, the defendant state agent formally assessed the plaintiffs for the additional documentary stamp tax in the total amount of $10,799.40, and advised plaintiffs that a tax warrant would ensue if payment was not made."
The trial court found as a matter of law that the plaintiffs were not "purchasers" as contemplated by Section 201.02, Florida Statutes, and were not subject to the tax.
In the DeMaria[1] case, decided in 1975, this court held that a transfer of real estate by a corporation to its sole stockholder, subject to an outstanding mortgage which the stockholder does not assume and for which no consideration is paid is not subject to the tax. Judge Smith dissented in that case on the basis that it was an attempt to shift the burden of paying the mortgage note from the corporation to the sole stockholder and that he would not extend the immunity from the tax to such a transaction.
The case sub judice is distinguishable from DeMaria[2] in that there is no shifting of any burden of payment. In this case, the stockholder was already fully liable for payment of the debt. The deed did not make the grantee assume any payments for which he was not already fully and completely responsible. There was, therefore, no consideration passing and the transaction was immune from the tax under the doctrine set forth by the Supreme Court in the Palmer-Florida Corporation v. Green[3] case.
The learned trial judge was correct in granting the summary judgment and we therefore AFFIRM.
MILLS, Acting C.J., concurs.
SMITH, J., dissents.
SMITH, Judge (dissenting):
As indicated by my dissent in DeMaria, I consider that the Supreme Court's decision *339 in Kendall House Apartments, Inc. v. Department of Revenue, 245 So.2d 221 (Fla. 1971), requires that we look into the financial realities underlying a deed by a corporation to its stockholders. We may find there that a conveyance of unencumbered land was made without consideration as a partial liquidation of the corporation, State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493 (Fla. 1956), or, with different tax consequences, that consideration passed by shifting an economic burden which previously encumbered the grantor as well as the land. Kendall House, supra. Regardless of the findings, the inquiry itself seems an unexplained exception to the rule that "liability to pay the documentary stamp tax, as well as the amount of the tax, is to be solely determined by the form and face of the instrument and not by proof of extrinsic facts." State Dept. of Rev. v. McCoy Motel, Inc., 302 So.2d 440, 442 (Fla.App. 1st, 1974); Choctawhatchee Elec. Co-op., Inc. v. Green, 132 So.2d 556, 558 (Fla. 1961), cert. den., 369 U.S. 829, 82 S.Ct. 844, 7 L.Ed.2d 794 (1962).
My DeMaria dissent implies I would not require that the shift of the mortgage burden from corporate grantor to stockholder grantee be accompanied by the latter's assumption of legal liability to the mortgage creditor. Kendall House, it seems to me, holds that such formalities do not rule the case. Nevertheless, I would bow to the DeMaria majority and concur here but for the Storys' failure to show that they did not "assume" primary legal liability for the mortgage debt, having previously been secondarily liable. That fact seemed critical to the DeMaria majority. The mortgage agreement between Siesta Lago Village, Inc., and the creditor bound Siesta to "require" any transferee of title "to assume the payment of" the mortgage debt. Absent evidence that there was no such assumption, summary judgment for the Storys was unauthorized.
NOTES
[1] Florida Department of Revenue v. Joseph A. DeMaria, 321 So.2d 101 (1st DCA Fla. 1975).
[2] Supra.
[3] State ex rel. Palmer-Florida Corporation v. Green, Fla., 88 So.2d 493.