345 So.2d 343 (1977)
AMERICAN FOAM INDUSTRIES, INC., Formerly Known As American Foam Rubber Distributors, Inc., and Edward Rothbard, Petitioners,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Respondent.
No. 76-1943.
District Court of Appeal of Florida, Third District.
March 22, 1977.
Rehearing Denied May 18, 1977.
Ainslee R. Ferdie, Coral Gables, for petitioners.
Robert L. Shevin, Atty. Gen., Patricia S. Turner, Asst. Atty. Gen., Tallahassee, for respondent.
Before HENDRY, C.J., and BARKDULL, J., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Judge.
The question to be determined in these proceedings is whether or not a certain transfer by quit claim deed is subject to documentary stamps, pursuant to Section 201.02, Florida Statutes (1975).
The petitioner, American Foam Industries, Inc., is a corporation in which Edward Rothbard is, and has been since 1961, the sole stockholder. In 1973, the corporation entered into a contract to purchase certain property from Seaboard Coastline Railroad, upon which they planned to construct a warehouse. The transaction was closed in August of 1973, with funds advanced by the corporation although title was placed in the individual name of Edward Rothbard. All payments on the purchase money mortgage were made by the corporation. Subsequently, a construction loan was taken out in the amount of $550,000.00. The note evidencing this debt was signed by Edward Rothbard, individually, and the mortgage securing same was executed by Mr. Rothbard and his wife. Thereafter, the warehouse was completed and all mortgage payments due on the construction loan and/or *344 permanent financing were made by the corporation.
In February of 1975, Rothbard executed a quit claim deed to the corporation, which took title to the property subject to the outstanding mortgage. No actual consideration was given for the quit claim deed; only nominal stamps were placed thereon, which resulted in the respondent bringing proceedings against the petition and the entry of an order assessing documentary taxes due of $1,631.70 and a penalty of like amount, for a total of $3,263.40 due from the corporation to the respondent.
This proceeding was then instituted, and the petitioner has preserved numerous points of alleged error; principally, that the transfer from the individual to the corporation was not a shift of the economic burden and was, in fact, a transfer from an agent to its principal. The respondent contends that this case is controlled by the recent Supreme Court opinion in Florida Department of Revenue v. DeMaria, 338 So.2d 838 (Fla. 1976), wherein the following is found:
* * * * * *
"The trial court and the majority of the District Court of Appeal determined that the issue presented was controlled by State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493 (Fla. 1956). In Green, supra, there was a conveyance of unencumbered real property from a corporation to its stockholders without payment by the grantees. In the transaction the value of the property was charged to the paid-in surplus account of the corporation, and the paid-in surplus of the corporation was accordingly reduced upon transfer. This Court held that `. . the deed in question did not require documentary stamps because the grantees were not "purchasers," and did not pay a "reasonably determinable", "consideration" ... as contemplated by Sec. 201.02, Florida Statutes, F.S.A.... It was a mere book transaction... .' The courts below concluded that Kendall House, supra, and Rasberry v. Dickinson, 243 So.2d 236 (Fla. 1st DCA 1971), also relied upon by DOR, were distinguishable from Green, supra, because Green entailed a mere book transaction and was not a sale to a `purchaser' as contemplated by Section 201.02, Florida Statutes.
"[1] In the instant case, like Green, supra, the transfer was by a corporation to its stockholder. However, in the case sub judice the transfer carried with it a shifting of the economic burden of paying the purchase money mortgage from the grantor corporation to the grantee shareholder. Upon the conveyance from the corporation to the shareholder, the corporation received a benefit to the extent that it was relieved of the obligation to pay the purchase money mortgage and the shareholder incurred a commensurate economic burden. This is so even though taxpayer took the conveyance only `subject to the purchase money mortgage,' because, as stated by this Court in Kendall House, supra:
`... It is an economic fact that persons who acquire property "subject to" a mortgage normally pay the indebtedness represented by the mortgage in order to prevent the loss of the property to the same extent as those persons acquiring property "assuming and agreeing to pay" the mortgage.' Kendall House Apts., Inc. v. Dept. of Revenue, Fla., 245 So.2d 221, 223.
"[2] It is this shifting of the economic burden and benefit which supplies the consideration required by Section 201.02, Florida Statutes. * * *"
[emphasis supplied]
If the case sub judice is not distinguishable under the facts, it clearly would be so controlled. However, in the matter before the Supreme Court the responsibility for making the mortgage payments changed upon the execution of the deed; in the instant case the responsibility or economic burden for making the mortgage payments always remained with the corporation. The corporation signed the original agreement to purchase; the property was to be acquired for the purpose of erecting a warehouse incident to the corporation's *345 business.[1] The corporation made all the payments on the purchase money mortgage; it made all the payments on the construction mortgage; and it made all the payments due on any permanent financing. No payments were ever made by the individual.
There is no dispute over the fact that the individual was acting for the benefit of the corporation. It is apparent that no consideration moved from the corporation to the individual for the transfer and, therefore, under two provisions of the rules[2] of the respondent, i.e., no consideration plus a transfer from agent to principal, this was an exempt transaction and the case should be governed by the principles enunciated in River Park Joint Venture 315076 v. Dickinson, 303 So.2d 654 (Fla.1st D.C.A. 1974); Straughn v. Story, 334 So.2d 337 (Fla.1st D.C.A. 1976).
Therefore, in light of the above discussion, we quash the order of the respondent here under review. In view of the above and foregoing, the other points raised by the appellant have not been considered in this determination.
NOTES
[1] * * *

"Grantee hereby agrees, as part of the consideration of this conveyance, to construct within one year from October 29, 1973, on the land hereby conveyed, the following:
"A warehouse containing a minimum of 50,000 square feet of floor space,"
* * * * * *
[2] Florida Administrative Code, Ch. 12A-4.14 Conveyances Not Subject to Tax.

* * * * * *
"(2) No Consideration: Conveyances of realty without consideration, including a deed conveying realty as a bona fide gift, although the deed may recite a consideration for the transfer, such as `natural love and affection and $1', `desire to promote the public welfare and $1', or `$1 and other valuable consideration'; a gift of realty by a husband to his wife accomplished through the conveyance of the property for an ostensible consideration to a `straw man' who immediately reconveys the property to the wife; (only minimum tax is required) (Attorney General Opinion 053-179, Aug. 3, 1953, Omitted from Biennial Report) (Letter from the Attorney General to State Comptroller dated Dec. 10, 1962) and a deed to or by a trustee not pursuant to a sale (only minimum tax is required). (Attorney General Opinion, Jan. 11, 1934, 1933-34 Biennial Report, Page 45) (Letter from Attorney General to State Comptroller dated Dec. 10, 1962)
* * * * * *
(5) Agent to Principal: A deed from an agent to his principal conveying real estate purchased for and with funds of the principal."
* * * * * *