662 So.2d 706 (1995)
James Vincent SULLIVAN, Appellant,
v.
The FULTON COUNTY ADMINISTRATOR, as administrator of the Estate of Lita McClinton Sullivan, Appellee.
No. 94-2137.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Rehearing Denied and Mandate Stayed Pending Review November 29, 1995.
Lawrence R. Heller and Randall Nordlund of Gilbride, Heller & Brown, P.A., Miami, for appellant/cross-appellee.
Richard A. Kupfer of Richard A. Kupfer, P.A., and John B. Moores of John B. Moores, P.A., West Palm Beach, and David W. Boone of David W. Boone, P.C., Atlanta, for appellee/cross-appellant.
Rehearing Denied and Mandate Stayed Pending Supreme Court Review November 29, 1995.
KLEIN, Judge.
Appellant, James Sullivan, was found in this civil action to have arranged the murder of his wife, and to have fraudulently concealed his involvement, so that her parents did not have grounds for bringing this wrongful death action against him until after the statute of limitations had run. The trial court submitted the case to the jury, which awarded $3.5 million in compensatory damages and $500,000 in punitive damages, and Sullivan appeals, arguing that fraudulent concealment of the identity of a tortfeasor does not toll the statute of limitations. We reluctantly reverse because this is presently the law in Florida, but certify the issue as one of great public importance.
On January 16, 1987, while Sullivan and his wife were involved in a bitter divorce action, an unknown man shot and killed Lita Sullivan as she answered the door to her home in Atlanta, Georgia. Decedent's parents brought this wrongful death action against Sullivan on December 23, 1991, alleging his complicity, and Sullivan defended on the ground that the 2-year period of limitations for bringing wrongful death actions, section *707 95.11(4)(d), Florida Statutes (1987), had expired. Plaintiffs asserted that the statute of limitations was tolled because Sullivan had fraudulently concealed his involvement in the crime.
Sullivan does not argue that the evidence was insufficient to support the jury finding that he had arranged his wife's contract murder, and accordingly an analysis of that evidence is unnecessary. He does argue that there was no evidence from which the jury could have found fraudulent concealment.
The evidence regarding fraudulent concealment consisted of Sullivan's denial of his involvement, Sullivan's advising the police that his wife had been involved in drug dealing and that her murder was probably a "drug hit," and Sullivan's suggestions to the police that they should investigate 3 different men, particularly one who was dating the decedent and allegedly had mob connections. Although Sullivan was a suspect from the beginning, the facts uncovered by the law enforcement agencies during their investigations were kept confidential and were not available to the plaintiffs. It was not until 1990 that Sullivan's involvement became known to plaintiffs. That was when Sullivan's new wife told police that Sullivan had admitted his guilt to her and when a prisoner, with whom Sullivan was incarcerated on another matter, also told police that Sullivan had confessed to the murder. We conclude that this evidence was sufficient to support a finding that Sullivan had fraudulently concealed his involvement. The more troubling issue is whether this fraudulent concealment tolls the statute of limitations.
Although this cause of action arose in Georgia, Florida follows the well-established rule that the statute of limitations of the forum state is applicable except where there is a shorter limitations period in the state where the tort occurred. Rodriguez v. Pacific Scientific Co., 536 So.2d 270, 271 (Fla. 3d DCA), rev. denied, 545 So.2d 1368 (Fla. 1989) and the Restatement (Second) of Conflict of Laws, section 142. Since Georgia also has a 2-year period of limitations for bringing wrongful death actions, section 9-3-51, Georgia Code (1995), the Florida statute applies.
The doctrine of fraudulent concealment appears to have first been extensively discussed in Florida in Proctor v. Schomberg, 63 So.2d 68 (Fla. 1953), a case in which a dentist failed to inform his patient that he had left a piece of a broken metal instrument in her jaw. Our supreme court adopted the doctrine of fraudulent concealment, quoting from 34 Am. Jur. p. 188, sec. 231, as follows:
According to the majority rule, however, fraudulent concealment of a cause of action from the one in whom it resides, by the one against whom it lies, constitutes an implied exception to the statute of limitations, postponing the commencement of the running of the statute until discovery or reasonable opportunity of discovery of the fact by the owner of the cause of action; under this rule, one who wrongfully conceals material facts and thereby prevents discovery of his wrong or the fact that a cause of action has accrued against him is not permitted to assert the statute of limitations as a bar to an action against him, thus taking advantage of his own wrong, until the expiration of the full statutory period from the time when the facts were discovered or should, with reasonable diligence, have been discovered.
Subsequently, in Nardone v. Reynolds, 333 So.2d 25, 37 (Fla. 1976), which also involved medical malpractice, the Florida Supreme Court stated in dicta:
Generally, two elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations, to-wit: plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment.
In the present case there was no concealment of the existence of the cause of action. Appellees knew immediately that their daughter had been murdered; however, they were unable to determine the identity of the perpetrator in order to timely file a wrongful death action. The precise issue presented by this case  whether the concealment of the identity of the tortfeasor tolls the statute of limitations  has not been decided by the Florida Supreme Court. This court, *708 however, has concluded that concealment of identity does not toll the statute.
In International Brotherhood of Carpenters and Joiners of America v. United Association of Journeymen and Apprentices, 341 So.2d 1005 (Fla. 4th DCA 1976), which inexplicably has not been cited in the briefs, plaintiff's building was deliberately blown up, but plaintiff was unable to determine who the wrongdoers were because they fraudulently concealed their identity until after the period of limitations had run. Observing that we were following the "unanimity of authority elsewhere," we concluded that fraudulent concealment of the identity of a party liable is not the same as fraudulent concealment of a cause of action. We recognized that our holding rewarded "those who by criminal skill not only stealthfully destroy another's property but avoid detection during the statutory period," but felt that we had no alternative but to follow the universal rule.
Sullivan does cite Walker v. Beech Aircraft Corporation, 320 So.2d 418 (Fla. 3d DCA 1975), in which the plaintiff in a wrongful death action alleged that her husband was killed as a result of a design error in an aircraft which crashed, and that the manufacturer had fraudulently concealed the defect until after the wrongful death statute of limitations had run. The court concluded that the statute of limitations commenced to run on the date of death, since that fact was known to the plaintiff at the time it occurred.
In more recent years, courts in other jurisdictions have reached contrary results. One of the cases relied on by this court in International Brotherhood  Staples v. Zoph, 9 Cal. App.2d 369, 49 P.2d 1131 (1935)  was recently overruled in Bernson v. Browning  Ferris Industries of California, Inc., 7 Cal.4th 926, 30 Cal. Rptr.2d 440, 873 P.2d 613 (1994). In Bernson the plaintiff knew that he had been the subject of a defamatory publication at the time of its circulation; however, the author had successfully concealed its identity until the period of limitations had run. After recognizing the general rule which this court followed in International Brotherhood, the California Supreme Court posed several rhetorical questions:
The question here, however, is whether the general rule should apply when, as a result of the defendant's intentional concealment, the plaintiff is not only unaware of the defendant's identity, but is effectively precluded as a practical matter from ascertaining it through normal discovery procedures. May a thief, for example, who leaves no clues to his identity defeat an action by the rightful owner to recover the stolen property if the owner fails to find and serve the culprit within the applicable limitations period? Should the anonymous perpetrator of an assault and battery be immune from the victim's civil damage action after the time for identifying and serving Doe defendants has been exhausted? Or, alternatively, should the defendants in these circumstances be estopped from capitalizing upon their own misconduct under an equitable rule, akin to the rule of fraudulent concealment, which would toll the statute until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the defendant's identity?
In concluding that the period of limitations would be tolled, the Bernson court relied on two cases involving stolen art. Autocephalous Greek Orthodox Church v. Goldberg, 717 F. Supp. 1374 (S.D.Ind. 1989), affirmed sub nom, Autocephalous Church v. Goldberg & Feldman Arts, 917 F.2d 278 (7th Cir.1990) (vandalized church could bring replevin action for mosaics which church discovered in an Indiana art gallery 10 years after the theft); and O'Keeffe v. Snyder, 83 N.J. 478, 416 A.2d 862, 870 (1980) (Georgia O'Keeffe's replevin action for paintings stolen in 1946 accrued when she knew or reasonably should have known "of the cause of action, including the identity of the possessor of the paintings.") The Bernson court also relied on Spitler v. Dean, 148 Wis.2d 630, 436 N.W.2d 308, 310 (1989) (statute of limitations tolled until discovery of identity of defendant who assaulted plaintiff) and Royal Indem. Co. v. Petrozzino, 598 F.2d 816, 819 (3d Cir.1979) (statute of limitations tolled until discovery of the identity of bank robber).
In a case on all fours, the tenth circuit interpreted Utah law to allow the bringing of *709 a wrongful death action against a murderer whose identity was not discovered until she admitted the killing 10 years after it occurred. Allred v. Chynoweth, 990 F.2d 527 (10th Cir.1993).
Although concealment of identity of the defendant was not the issue, there is actually quoted language in Proctor which could be interpreted as including fraudulent concealment of identity as tolling the statute:
[U]nder this rule, one who wrongfully conceals material facts and thereby prevents discovery of his wrong or the fact that a cause of action has accrued against him is not permitted to assert the statute of limitations as a bar to an action against him . .. (Emphasis added.)
Proctor, 63 So.2d at 71-72 quoting 34 Am. Jur., sec. 231.
In Chapter 960, Florida Statutes (1977) entitled "Victim Assistance," the legislature established a "Crimes Compensation Trust Fund," (section 960.21) as well as a number of other services to assist victims of crimes. The public policy underlying chapter 960 would be well served by tolling civil statutes of limitations until perpetrators of crimes are discovered since, if victims can recover compensation from perpetrators, those victims would be less likely to need compensation from the state trust fund.
As is obvious from the foregoing, if it were not for our own opinion in International Brotherhood, and the supreme court's dicta in Nardone to the effect that fraudulent concealment means concealment of the cause of action, we would hold that the plaintiff's claim was not barred. We see no reason to distinguish between fraudulent concealment of the cause of action and fraudulent concealment of the identity of the perpetrator. In either case the defendant's wrongful concealment has prevented the plaintiff from timely filing suit. In Nardone our supreme court said:
The philosophy behind the exception to the statute of limitations of fraudulent concealment and the tolling of the statute if such concealment exists, is courts will not protect defendants who are directly responsible for the delays of filing because of their own willful acts. The purposes of the statutes of limitations are to protect defendants against unusually long delays in filing of lawsuits and to prevent unexpected enforcement of stale claims concerning which interested persons have been thrown off guard for want of reasonable prosecution.
Nardone, 333 So.2d at 36.
Why should society have any interest in protecting Sullivan from having to defend a "stale claim?" If Sullivan had arranged his wife's disappearance, so that her parents would not have known that a crime had been committed until the body was discovered after the statute of limitations had run, the statute would have been tolled because the existence of the cause of action would have been concealed. It is difficult to justify a distinction here, since in either case the only competing interest is that of a criminal wrongdoer who is guilty of fraudulent concealment.
Sullivan also argues that the doctrine of fraudulent concealment is limited to medical malpractice actions because fraudulent concealment is only included in section 95.11(4)(b), Florida Statutes (extending the time in which medical malpractice actions can be brought in the event of fraudulent concealment). That argument is unpersuasive because, when our supreme court adopted the doctrine of fraudulent concealment in Proctor in 1953, there were no provisions for fraudulent concealment in our statutes of limitations. See also Nardone, in which our supreme court referred to the doctrine as an "equitable principle" which tolls the statute of limitations. 333 So.2d at 37. It was not until after Proctor and Nardone, in 1975, that our legislature included fraudulent concealment as a statutory tolling provision in malpractice cases. Section 95.11(4)(b), Florida Statutes (1975). Nor is the doctrine of fraudulent concealment generally applied only in medical malpractice actions. As our supreme court stated in Proctor, 63 So.2d at 72, quoting from 34 Am.Jur. p. 188, sec. 231:
The rule that fraudulent concealment will prevent the running of the statute of limitations has been held applicable in actions by clients for the misappropriation of moneys *710 collected, by patients against physicians for malpractice, for the conversion of personal property, by an owner for the recovery of lost or stolen property, to recover for the unlawful underground mining of ore belonging to another, against the liability of promoters of a corporation to account to the corporation for illegal actions or profits, by a chattel mortgagee for the fraudulent concealment and removal of the property, by a shipper to recover for unjust discrimination by a common carrier, and in other particular actions.
See also 51 Am.Jur.2d, Limitation of Actions, sec. 147.
Sullivan raises one other issue, which is that the trial court erred in refusing to continue the trial when his lawyer withdrew a few days prior to trial. Although Sullivan advised the court that he did not wish the trial to go forward, he did not request a continuance in order to obtain counsel. Rather, when the court expressed concern about his not being represented, Sullivan advised the court that he did not have the funds to afford representation. The argument he presents on this appeal, that he was prejudiced because he had no opportunity to obtain substitute counsel and had to represent himself, is accordingly unconvincing. The trial court did not abuse its discretion in proceeding with the trial as scheduled under these circumstances.
We reverse and remand for entry of a judgment in favor of the defendant, but certify the following question as one of great public importance:
ARE STATUTES OF LIMITATIONS FOR CIVIL ACTIONS TOLLED BY THE FRAUDULENT CONCEALMENT OF THE IDENTITY OF THE DEFENDANT?
Reversed.
STONE, J. and MAY, MELANIE, Associate Judge, concur.