BARFIELD, Judge.
The appellant, Chapparal Partners, is a general partnership composed of Congden Properties, Inc. and First Interstate Bank of California as trustee for Trust Number 7413127. First Interstate Bank held defaulted notes and mortgages on two properties in Jacksonville, Florida, which were worth substantially less than the amount of indebtedness due on the notes. The borrowers conveyed the properties to the appellant. For reasons not entirely clear from the record before this court, First Interstate Bank, which could not proceed against the maker of the notes and mortgages beyond recovery of the properties, entered into covenants not to sue the guarantors on the notes in exchange for the conveyance of the properties. The parties to this litigation agree that the several indebtednesses on the properties were not discharged and remain encumbrances of record against the property.
The dispute before this court concerns the amount of documentary stamps to affix to the deeds. The Department of Revenue assessed the stamp taxes based on the amount of indebtedness encumbering the property at the time of conveyance. The Department relies on that part of section 201.02(1), Florida Statutes (1991), which defines “consideration” for the conveyance to include “the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed.” The appellant contends that the tax should be based on that part of the referenced statute that states, “If the consideration ... includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property....” The appellant’s argument is based upon the assumption that the additional consideration in the form of covenants not to sue is “property other than money” which removes “consideration” in this case from the specific definition relied upon by the Department.
Acceptance of the appellant’s argument would require us to render the clear legislative intent to define “consideration” in terms of the amount of an encumbrance that survives a conveyance as meaningless. The spe- *729 eific definition could routinely be avoided by the giving of any non-money consideration, however inconsequential. Since the appellant chose to take the property still encumbered by the indebtedness, the Department was correct in assessing documentary stamp taxes on the basis of the debt.
The remaining issue is without merit. The decision of the trial court is AFFIRMED.
ZEHMER, C.J. and SMITH, Senior Judge, concur.