ON RACE’S MOTION TO AMEND AND CLARIFY AND APPELLANT’S MOTION FOR REHEARING AND CLARIFICATION
W. SHARP, J.
We grant the parties’ motions for clarification and substitute the following opinion therefor.
The Florida Department of Revenue (the Department) appeals from a partial final summary judgment in favor of David and Karen Race, which held invalid a $867.64 tax assessment for additional documentary stamps. The Department made the assessment after David filed a quit claim deed of the parties’ marital residence, from himself to himself and his wife, Karen, as tenants by the entireties, because her name had been left off the original deed. The Races paid the assessment and protested it. The Department *170 sustained the assessment, and the Races sued the Department for themselves and other similarly situated taxpayers. When they moved for partial summary judgment on the issue of their individual liability, the trial court granted it. We affirm.
The facts in this case were not disputed. In 1991, the Races moved from California to Maitland, Florida, and purchased a home there. At the time, Karen was pregnant, and since she was still living in California, the parties, anticipated that she would not attend the closing. Accordingly, the deed, mortgage and note were prepared solely in David’s name. However, at the last moment Karen was able to attend the closing; which took place at seven or eight o’clock in the evening. Karen’s name was added to the signature page of the mortgage and its balloon rider, but it was left off the promissory note and deed.[1]
The result was that Karen executed the mortgage and rider, but not the promissory note, and title to the property was not conveyed to her. To cure this omission, David executed the quit claim deed at issue and he paid the minimum documentary stamp taxes. The deed recites that the transfer was “for and in consideration of the sum of $10.00.” Four months later, the Department issued its Notice of Intent to Make Documentary Stamp Tax and Discretionary Surtax Audit Charges, claiming documentary stamps were due, based on the value of the mortgage on the residence.
The Department argues that the assessment is proper under section 201.02(1), which provides for the imposition of documentary stamp taxes on deeds and other instruments at the time they are recorded. Prior to the statute’s 1990 amendment, the definition of “consideration” was a creature of case law. However, the 1990 amendment added language listing certain instruments as consideration for which documentary stamp taxes are due. It provides:
For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed.
The Department argues that prior case law is no longer applicable to define the term “consideration.” The statute clearly includes the amount of a purchase money mortgage lien, assumed or not. However, the statute also specifies that consideration “is not limited to” the listed instruments. We therefore conclude that case law has not been completely abrogated in this area.
We do not believe the Legislature intended that documentary stamp taxes be imposed under the circumstances of this case. Section 201.02(1) clearly provides that the amount of an encumbrance which survives a conveyance, is subject to documentary stamp taxes. Chapparal Partners v. Dept. of Revenue, 662 So.2d 727 (Fla. 1 st DCA 1995). But we are of the opinion that taxes are due only once on the same encumbrance regarding the same person. See American Foam Industries v. Dept. of Revenue, 345 So.2d 343 (Fla. 3d DCA 1977); Straughn v. Story, 334 So.2d 337 (Fla. 1st DCA 1976). Taxes are not due under section 201.02(1) where a deed merely corrects an error and no new purchaser or new or additional consideration is involved. See American (quitclaim deed from sole stockholder to corporation without consideration); Straughn (no consideration on recording quitclaim deed where taxpayer already liable for payment of mortgage and debt, and no assumption of *171 new liability). Section 201.02(1) requires a purchaser and consideration before documentary stamp taxes are due, and neither is present where a deed is filed solely to correct an error.
The application of the statute as suggested by the Department would result in the imposition of taxes for recording documents which do not involve consideration, ie., the imposition of new, additional or previously nonexistent encumbrances on the grantee, as where a mistake is made in the original deed. Tax laws are to be construed strongly in favor of taxpayers and against the government, and all ambiguities or doubts are to be resolved in favor of taxpayers. Dept. of Revenue v. Ray Construction of Okaloosa County, 667 So.2d 859 (Fla. 1 st DCA 1996); Dept. of Revenue v. Bonard Enterprises, Inc., 515 So.2d 358 (Fla. 2d DCA 1987).
While the language of section 201.02(1) provides for the imposition of documentary stamp taxes where any deed is filed and the property is encumbered, we are not required to interpret it in a technical, pedantic, or unreasonable manner. A plain meaning analysis that leads to an unreasonable or ridiculous result, obviously not intended by the legislature, must be rejected. See Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993); Drury v. Harding, 461 So.2d 104 (Fla.1984); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984); City of Boca Raton v. Gidman, 440 So.2d 1277 (Fla.1983); United Auto. Ins. Co. v. Viles, 726 So.2d 320 (Fla. 3d DCA 1998); Sullivan v. Fulton County Administrator, 662 So.2d 706 (Fla. 4 th DCA 1995), approved, 675 So.2d 927 (Fla.1996).
In addition, the Department’s Rule 12A-4.014(3), pertaining to conveyances which are not subject to the documentary stamp tax, indicates that no tax is due in this case. The rule provides that for conveyances made to correct a deficiency in a previous deed on which the tax has been paid, only the minimum tax is due. Id. And a deed or conveyance which recites the consideration such as “love and affection and $1,” “desire to promote welfare and $1,” or “$1 and other valuable consideration,” is properly assessed only the minimum tax. Rule 12A-4.014(2)(b). It is well established that an agency may not ignore its own rules. See Regal Kitchens, Inc. v. Florida DOR, 641 So.2d 158 (Fla. 1st DCA 1994); Ziegler v. Department of Health & Rehabilitative Services, 601 So.2d 1280 (Fla. 1st DCA 1992); Phibro Resources Corp. v. State Department of Environmental Regulation, 579 So.2d 118 (Fla. 1st DCA 1991).
This opinion is limited to the specific facts of this case, and should be narrowly construed. In this case, Karen was already liable on the mortgage together with her husband, and documentary stamp taxes had been previously paid on this encumbrance. Karen’s name was left off the deed due to error. There were no new, additional or previously nonexistent encumbrances as contemplated by section 201.02(1). Chapparal Partners; American Foam; Straughn. Instead, the property remained encumbered to the same extent and in the same manner as before the transfer. The sum and substance of this transfer was merely to correct a clerical error for which only the minimum taxes were required. Rule 12B-4.014(3).
AFFIRMED.
ANTOON, C.J., and GRIFFIN, J., concur.

. The record discloses that the Races realized Karen’s name was left off the note and deed, but they did not want to delay the closing, as their furniture was being delivered to the house the following day. Further, they thought it would be a simple matter to correct these omissions later and at all times they considered the ownership of the property to be joint.